UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SA CV 21-01110-JVS (DFMx) | Date: | February 18, 2022 |
|---|---|---|---|
| Title | Bridget Ward et al. v. Crow Vote LLC et al. | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS)** Order re Motion to Compel (Dkt. 67)

The parties have submitted a Joint Stipulation ("JS") regarding Plaintiffs Bridget Ward and Lisa Ward's Motion to Compel Defendant Crow Vote LLC to make further responses to Interrogatories Nos. 1, 9, and 10, and RFP Nos. 8-12, 14, and 15. See Dkt. 67. Defendant filed a supplemental memorandum, see Dkt. 70, as did Plaintiffs, see Dkt. 71. For the following reasons, the Motion is GRANTED IN PART AND DENIED IN PART.

Per the Complaint (Dkt. 1), Defendant operated an online competition called "Favorite Chef." Contestants competed to win a monetary prize of $50,000. The winner was determined by the number of votes from the general public, who were allotted one free vote per day, but could purchase extra votes for the contestant of their choice. The primary dispute is whether the competition constituted illegal gambling.

At the outset, Defendant complains that it did not consent to the filing of the JS because Plaintiff improperly revised their portion after delivery of Defendant's. See Dkt. 70 at 1-2. Plaintiffs acknowledge as much, explaining that Defendant's delay necessitated the JS be filed with a disclaimer that Defendant withdrew its authorization. See Dkt. 71 at 2-3. The Court did not see that authorization and agrees with Defendant that the JS does not comply with the requirements of Local Rule 37-2.2. Although the Court will not take punitive action, going forward, both sides are expected to fully comply with the Central District Local Rules.

Interrogatory No. 1 seeks the business relationships among various persons and entities believed to be involved in the Favorite Chef contest and similar contests run by the same defendants. Plaintiff argues that Defendant's response is evasive because it "only states what role they had within the Favorite Chef contest, while the interrogatory asked about the business

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

relationship with respect to all the listed contests" and that "it is proper to explore all aspects of the overall [RICO] scheme, not just one of the many operations." JS at 11-12.

On the one hand, Plaintiffs are entitled to discovery tending to prove the overall "scheme" alleged, and that such proof should not be limited to the predicate acts which underlie the RICO charge. On the other hand, "[t]he need to reasonably limit the scope of discovery is acute for claims brought under the RICO statute. The Supreme Court has recognized that the breadth of the RICO language encourages attempts to turn business disputes into federal racketeering charges. Thus, the risk that a party will attempt to use discovery to conduct a 'fishing expedition' is a significant concern." PMC, Inc. v. Ferro Corp., 131 F.R.D. 184, 187 (C.D. Cal. 1990) (collecting cases).

The Court will afford Plaintiffs a short leash and allow discovery on this issue. However, discovery is not without limits and must be proportional to the needs of the case, including the importance of the issues at stake. The Court will be hesitant to allow future discovery into unrelated competitions or websites unless and until Plaintiffs make a threshold factual showing linking the information sought to the alleged racketeering activity.

Plaintiffs' motion is GRANTED and Defendant is ORDERED to serve a supplemental response within fourteen (14) days.

Interrogatory No. 9 seeks the identity of all persons who paid money for votes in the Favorite Chef competition (ie, class members). Interrogatory No. 10 seeks the amount of money each person paid. Defendant has agreed to identify the number of votes cast but not the identity of the voters. See JS at 12-13.

"District courts have broad discretion to control the class certification process, and whether or not discovery will be permitted lies within the sound discretion of the trial court." Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 942 (9th Cir. 2009) (cleaned up). "Although a party seeking class certification is not always entitled to discovery on the class certification issue, we have stated that 'the propriety of a class action cannot be determined in some cases without discovery,' and that 'the better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action was maintainable.'" Id. (citations omitted).

Defendant makes three arguments. First, Defendant argues that class contact information is not relevant or discoverable under In re Williams-Sonoma, Inc., 947 F.3d 535 (9th Cir. 2020). There, the Ninth Circuit vacated a district court's pre-class-certification discovery order to produce a list of California customers because the purpose of the discovery "was to enable opposing counsel to find a lead plaintiff to pursue a class action against Williams-Sonoma under California law." Id. at 537. Here, by contrast, Plaintiffs remain a party to this action and no determination has been made remaining their adequacy as a class representative. Additionally,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Plaintiffs state that the discovery sought will "establish[] Defendants' common practices" and thus go to support class certification. Accordingly, Williams-Sonoma does not control.

Second, Defendant argues that disclosure would "impermissibly infringe on the Favorite Chef voters' right to privacy." JS at 21. Plaintiffs have a strong interest in obtaining class contact information, and the individuals at issue are "not disinterested third parties, but rather potential plaintiffs themselves." Putnam v. Eli Lilly & Co., 508 F. Supp. 2d 812, 814 (C.D. Cal. 2007). Additionally, the contact information Plaintiffs seek implicates minimal privacy concerns and there is no evidence that the current protective order is insufficient to mitigate any risk of prejudice.

Third, Defendant argues that responding would be unduly burdensome. Defendant's declarant states that Crow Vote has no mechanism for automatically generating a list of all persons who purchased votes, compiling the information would take approximately nine (9) weeks, and Crow Vote would need to hire additional resources to complete this task. Plaintiffs counter that Defendant's estimate is inflated, and that they would be fine with an overinclusive list that does not contain home addresses and telephone numbers.

Pre-certification class lists are a road well-traveled. In the Court's experience, this issue goes smoother when the parties work together before rushing to judicial intervention. To that end, the parties are ORDERED to meet-and-confer within seven (7) days regarding the mechanics and feasibility of generating a list of all persons who purchased votes in the Favorite Chef competition. The Court will facilitate progress on this issue through informal discovery. If unable to agree, the parties should be prepared to submit their respective proposals to the Court. For now, Plaintiffs' Motion is DENIED.

RFP No. 8 seeks all documents relating to the identity of all persons who had a direct or indirect ownership interest in the website at www.colossal.org. Defendant objects that Colossal Management, LLC, the operator of the website, played no role in the competition and was not incorporated until two days prior to its conclusion. Additionally, Defendant states that it will produce additional documentation related to the purchase of the website. Plaintiffs' motion is DENIED.

RFP Nos. 9-11 seek all documents that reflect the identity of the class members, how much money was paid by each class member, and the date of each payment in the Favorite Chef competition by each class member. As explained above, the parties are ordered to meet-and-confer on this issue.

RFP Nos. 12 and 14 seek all documents that reflect how much money Darrin Austin and Jason Miller personally received from the revenue generated by the Favorite Chef competition. Defendant argues that the money the individuals received is irrelevant for the purposes of restitution and damages. The Complaint, however, asks that Defendants be made to provide an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

accounting, restitution to affected members, and compensatory damages. Defendant also argues that the information is not available because Crow Vote's accounting records are not structured to trace specific portions of payments to employees. But that is not Plaintiffs' problem. The fact that Crow Vote's records were kept in a particular way is not a shield to producing discoverable information. Plaintiffs' motion is GRANTED and Defendant is ORDERED to serve a supplemental response within fourteen (14) days.

RFP No. 15 seeks all documents reflecting how the winner of the Favorite Chef competition was selected and the counting of all votes. Defendant has agreed to produce supplemental documents on this topic within fifteen (15) days.