**LAKESHORE LAW CENTER**
**Jeffrey Wilens, Esq. (State Bar No. 120371)**
**Macy Wilens, Esq. (State Bar No. 328204)**
**18340 Yorba Linda Blvd., Suite 107-610**
**Yorba Linda, CA 92886**
**714-854-7205**
**714-854-7206 (fax)**
**jeff@lakeshorelaw.org**
**macy@lakeshorelaw.org**

**THE SPENCER LAW FIRM**
**Jeffrey P. Spencer, Esq. (State Bar No. 182440)**
**2 Venture, Suite 220**
**Irvine, CA 92618**
**949-240-8595**
**949-377-3272 (fax)**
**jps@spencerlaw.net**

**Attorneys for Plaintiffs**

**UNITED STATES DISTRICT COURT,**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

| | |
|---|---|
| BRIDGET WARD AND LISA WARD, on behalf of themselves and all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CROW VOTE LLC, DARRIN AUSTIN, EDWARD MATNEY, AND DOES 1 THROUGH 100 INCLUSIVE,<br><br>Defendants. | Case No. 8:21-cv-01110-FWS-DFMx<br><br>Complaint filed April 16, 2021<br>Trial Date: February 14, 2023<br>Pre-Trial Date: January 30, 2023<br>Discovery Cutoff: October 24, 2022<br>**<u>Class Action</u>**<br><br>**DECLARATION OF JEFFREY WILENS IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**<br><br>Hearing Date: July 28, 2022, 10:00 am<br>Department 10-C<br>Hon. Fred W. Slaughter |

I, JEFFREY WILENS, hereby declare:

1. I am one of the attorneys for Plaintiffs this lawsuit. I could and would competently testify to the below stated facts of my own personal knowledge if called as a witness.

2. During discovery in this action, Defendants produced their official "Rules" and "Terms and Conditions" of the Favorite Chef contest. True and correct copies of those documents are attached hereto as Exhibits 1 and 2 respectively and incorporated thereby.

3. In discovery, Defendants produced aggregate information about the classes as well as a spreadsheet identifying a sample of 9,648 class members (some from California but most from other states). Defendants stated that about 1,430,000 individuals cast votes in the Favorite Chef contest; about 110,000 individuals paid to cast votes, while about 1.32 million individuals cast free votes. Defendants also reported the total number of votes cast (as opposed to the total number of voters). Approximately 9.6 million paid votes were cast and approximately 3.9 million free votes were cast in the Favorite Chef contest for a total of 13.5 million votes. In other words, about 8% of the voters (110,000) cast about 71% of the votes (9.6 million).

4. A true and correct copy of the relevant interrogatory responses is attached

hereto as Exhibit 3 and incorporated thereby. A redacted version of document CV 263, produced by Defendants and incorporated into the foregoing interrogatory responses is attached hereto as Exhibit 4 and incorporated thereby.

5. I personally filtered the spreadsheet containing contact information for 9,648 of the class members by zip code. According to the United States postal service, zip codes between 90001 and 96162 correspond with addresses in the State of California. I found that 1,234 of the 9,648 zip codes listed on the spreadsheet were within the State of California. That means 12.7 percent of the sample of the 1,430,000 class members have California mailing addresses. Therefore, it is reasonable to deduce at least 181,000 members of Main Class (12.7 percent) are also members of the California Subclass.

6. My office contacted some of the aforementioned persons identified as class members. Representative declarations from some of them are attached as Exhibit 5 and incorporated thereby.

7. Macy Wilens and I are the attorneys that form the Lakeshore Law Center, which is representing the Plaintiffs. Lakeshore Law Center has been operating as a law firm since approximately 1992.

8. We have requested that we be designated as Counsel for the Class. Our

experience and qualifications to serve in that role are set forth below.

9. Macy Wilens is a 2019 graduate of Emory Law School. I am a 1985 graduate of University of California, Berkeley School of Law.

10. I have had a mixed practice including civil and criminal litigation and appellate work for over 35 years, the last 30 years of which have been in Orange County area. I was certified by the California State Bar Board of Legal Specialization as a specialist in Appellate Law (which includes civil appeals and writs) from 1999-2009 and was certified as a specialist in criminal law (which requires extensive trial experience) from 1994 to 2004.

11. I am duly admitted and qualified to appear before all California state courts, before the United States Supreme Court, before the Ninth Circuit Court of Appeals and before the federal courts for the Northern, Central, Eastern and Southern Districts of California and District of Colorado. Macy is admitted before all California state courts, the Ninth Circuit Court of Appeals and the Central District of California.

12. A number of cases I handled on appeal (and usually in the trial court as well) resulted in published appellate opinions including the following: Sosa v. CashCall, Inc. (2020) 49 Cal.App.5th 42; Andrews v. Sirius XM Radio Inc. (9th Cir. 2019) 932 F.3d 1253; Derderian v. Southwestern &

Pacific Specialty Finance, Inc. (9th Cir. 2016) 673 Fed.Appx. 736; Maloney v. Verizon Internet Services, Inc. (9th Cir. 2011) 413 Fed.Appx. 997; Hernandez v. Vitamin Shoppe Industries (2009) 174 Cal.App.4th 1441; Mark v. Spencer (2008) 166 Cal.App.4th 219; Rose v. Chase Bank USA, N.A. (9th Cir. 2008) 513 F.3d 1032; Ortiz v. Lyon Management Group (2007) 157 Cal.App.4th 604; Trujillo v. First American Registry, Inc. (2007) 157 Cal.App.4th 628; Schulz v. Neovi Data Corp. (2007) 152 Cal.App.4th 86; Freeman v. DirecTV, Inc. (9th Cir. 2006) 457 F.3d 1001; Experian Information Solutions, Inc. v. Superior Court (2006) 138 Cal.App.4th 122; Jones v. Citigroup, Inc. (2006) 135 Cal.App.4th 1491, review granted; Wolski v. Fremont Investment & Loan (2005) 127 Cal.App.4th 347; Morris v. Redwood Empire Bancorp (2005) 128 Cal.App.4th 1305; Blanchard v. Directv, Inc. (2004); 123 Cal.App.4th 903; Janik v. Rudy, Exelrod & Zieff (2004) 119 Cal.App.4th 930; Ansley v. Ameriquest Mortgage Co. (9th Cir. 2003) 340 F.3d 858; Decker v. U.D. Registry (2003) 105 Cal.App.4th 1382; People v. Bau Mooc (2002) 26 Cal.4th 1216; Chavez v. Whirlpool Corp. (2001) 93 Cal.App. 4th 363; County of Orange v. Wu (2000) 79 Cal. App. 4th 759; Nelson v. City of Irvine (9th Cir. 1998) 143 F.3d 1196.

13. Lakeshore Law Center is currently prosecuting at least 25 consumer or

employment law actions in the state or federal court system at various procedural stages, and we have successfully obtained recoveries on claims under various consumer and employee protection statutes. In just the past five years, I have personally litigated as lead counsel more than 100 civil actions, including more than 40 class actions, in which there were statutory provisions for the awarding of attorney's fees. I have been appointed by the court to be class counsel on some of those and have never been ruled to be an inadequate class counsel.

14. On September 24, 2021, the Honorable Stanley Blumenfeld, Jr. of the United States District Court, Central District of California, granted final approval to a class action settlement in which I had been appointed as Class Counsel in the case of Franklin v. Midwest Recovery Systems, LLC, Case No. 8:18-cv-02085-SB-DFMx. This was after a contested motion for class certification was granted.

15. On July 31, 2020, the Honorable William Claster, Judge of the Orange County Superior Court, granted final approval to a class action settlement in which I had been appointed as Class Counsel in Pedroza v. El Dorado Inn, Case No. 30-2014-00731601. This was after a contested motion for class certification was granted.

16. On June 22, 2020, the Honorable Jeffrey S. White of the United States

District Court, Northern District of California granted final approval to a class action settlement in which I had been appointed as Class Counsel in the case of Gilbert v. MoneyMutual, LLC, Case No. 13-cv-01171-JSW. This was after a contested motion for class certification was granted.

17. On January 22, 2020, the Honorable Elihu M. Berle of the Los Angeles County Superior Court granted a contested motion for class certification and appointed me as one of the class counsel in Howard v. The Roman Catholic Archdiocese of Los Angeles, Case No. BC655179.

18. On February 8, 2019, the Honorable Ronald F. Frazier of the San Diego Superior Court granted final approval to a class action settlement in which I had been appointed as Class Counsel in the case of Hansen v. California Suites Hotel, Case No. 37-2014-00022185.

19. Similarly, on December 5, 2017, the Honorable John S. Wiley granted final approval to a class action settlement in which I had been appointed as Class Counsel in Cohen v. Chuck's Parking Service, Los Angeles County Superior Court case no. BC611085.

20. I was also appointed to be class counsel in class actions granted final approval between 2013 and 2018 in the following cases: Winkler v. Media Entertainment Partners, Alameda County Superior Court case no. RG13667619; Mingione v. Events & Adventures, Orange County Superior

Court Case No. 30-2012-00547490; Hinshaw v. Vizio, Inc., United States District Court Case No. SACV14-00876-DOC (ANx); Keen v. Coral Reef Productions, Inc., United States District Court Case No. 8:14-cv-00814-JVS-JCG; Rainbolt v. Financial Assistance Inc., Alameda County Superior Court case no. RG12654833.

21. I was also appointed to be class counsel in class actions granted final approval and awarded attorney's fees between 2008 and 2015 in the following cases: Greco v. Selection Management Systems, Inc., San Diego County Superior Court Case No. 37-2014-00085074; Davis v. Citibank, Orange County Superior Court Case No. 30-2008-00060145; In Re ISTA Utility Billing Cases, JCCP No. 4491, San Diego County Superior Court; Souttaphonh v. ALC-Partner, Inc., Orange County Superior Court Case No. 07CC01378; Lavergne v. Evergreen Royalle, LLC, Orange County Superior Court Case No. 30-2008-00212468; Hamilton v. Vitamin World, Alameda County Superior Court Case No. RG10524008; Adams v. Luxottica U.S. Holdings Corp., Orange County Superior Court case no. 07CC01346; Narcisse v. Eyexam of California, Orange County Superior Court Case No. 30-2008-00074926; Thompson v. Vitamin Shoppe, Orange County Superior Court Case No. 05CC00048; Clark v. United Healthcare, Orange County Superior Court Case No. 30-2008-00087508;

Aguilard v. E-Commerce Exchange, Orange County Superior Court Case No. 05CC02794; Amaya v. 3M, San Bernardino County Superior Court Case No. CIVRS702515; Babasa v. Lenscrafters, Orange County Superior Court Case No. 05CC00079; Devoe v. EZ Lube, the Orange County Superior Court Case No. 06CC0004. Superior Court Case No. 01CC13645; Roy v. Inglewood Park Cemetery, Los Angeles County Superior Court Case No. BC 249751; Coyle v. Westec, Orange County Superior Court Case No. 792589; Balboa v. Leasecomm, Orange County Superior Court Case No. 01CC00284; Wilens v. American Benefit Mortgage, Case No. 01CC06156; Brown v. Aureate Media Corporation, Los Angeles County Superior Court No. BC225886; Dumas v. Enterprise Rent-A-Car, Orange County Superior Court case no. 798800.

22. I also served as court-approved class counsel in the following cases, all of which were granted final approval between 2000 and 2007 and I was awarded attorney's fees: Ardoin v. American Express Company, Orange County Superior Court, Case No. 03CC00244; Litalien v. GE Capital, Orange County Superior Court, Case No. 04CC10082; Janik v. Rudy Exelrod & Zieff, Alameda County Superior Court, Case No. 2002070478; Behm, Edge v. Tool City dba City Loan, Orange County Superior Court, Case No. 04CC00705; Freeman v. Ricochet Networks, Orange County

Superior Court, Case No. 03CC00525; Ansley v. Ameriquest, Orange County Superior Court Case No. 01CC00220; Smith v. Galaxy Mall, Orange County Superior Court Case No. 03CC05871; Martin v. Axin Financial, Orange County Superior Court Case No. 03CC04236; White v. Hedstrom, Orange County Superior Court Case No. 03CC00274; Smith v. Kellogg Company, Orange County Superior Court Case No. 03CC00101; Deke v. Cardservice International, Los Angeles County Superior Court Case No. BC271679; McDonald v. RealNetworks, Orange County Superior Court Case No. 816666; Boyd v. The Finance Company, Orange County Superior Court Case No. 01CC13645.

23. My co-counsel and I brought appropriate claims, defeated motions to compel arbitration and to dismiss the case, pressed for discovery compliance and have moved this case forward in an expeditious and professional manner. We have the resources to prosecute this matter through trial and any appeal.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed on May 29, 2022 at Yorba Linda, California.

By [signature]

JEFFREY WILENS
Attorney for Plaintiff

# RULES

Last updated on 2021-02-18

---

**Table of Contents**


- General
- Sponsor
- Eligibility and Consent
- How to Enter
- How to Vote
- Competition Schedule
- Notification to Entrants
- Grand Prize
- Ancillary Promotions
- Conduct
- Requirements and Consent of Winner
- Waiver and Limitations of Liability
- Dispute Resolution
- Termination
- Competition Withdrawal Request
- Donation
- Contact Information
- No Affiliation


It is not necessary for any Entrant to pay an entry fee, cast a vote, or tender payment of any kind to enter this competition. It is not necessary for a Voter to pay to cast a vote, although a Voter may choose to do so if they wish to vote more than once per day during the Competition. Void where prohibited or otherwise restricted by applicable law.

By entering or voting in this Competition, individuals submitting entries (each an “Entrant” and collectively, the “Entrants”) and individuals submitting votes (each a "Voter" and collectively, the "Voters") accept and unconditionally agree to abide by and be bound by these Rules (the “Rules”) and the decisions of the Sponsor. Public voting will decide the winning entries among the Entrants selected to participate in the Competition and a Grand Prize will be awarded in accordance with these Rules. Any violation of the Rules, at Sponsor’s sole discretion, may result in disqualification. All decisions of Sponsor regarding this Competition are final and binding in all respects.

CONSUMER DISCLOSURE: You have not yet won.

## General

ALL DATES SET FORTH IN THESE OFFICIAL RULES ARE APPROXIMATE. SPONSOR RESERVES THE RIGHT TO EXTEND ANY DEADLINES. ALL ENTRIES AND ANY OTHER MATERIALS SUBMITTED (INCLUDING BUT NOT LIMITED TO THE SUBMITTED PHOTOGRAPHS) BECOME THE SOLE PROPERTY OF SPONSOR AND WILL NOT BE RETURNED OR ACKNOWLEDGED. FALSE AND/OR DECEPTIVE ENTRIES, VOTES OR ACCOUNTS SHALL RENDER THOSE ENTRIES, VOTES OR ACCOUNTS INELIGIBLE.

## Sponsor

The Competition is owned and operated by Crow Vote LLC DBA Favorite Chef "Sponsor". Sponsor is solely responsible for administering the Competition and providing the prize package. Sponsor can be reached here: Contact Sponsor. (https://favchef.com/contact)

## Eligibility and Consent

Void where prohibited or otherwise restricted by applicable law. Officers, Directors, and Employees of the Sponsor and the Sponsor’s Parent Companies (collectively, the “Competition Entities”), along with their respective family members, are ineligible to participate as Entrants or Voters. By entering this Competition, Entrants agree to Sponsor’s use of their name, biographical information, and Submitted Photographs for both online and offline direct marketing purposes in connection with the Competition.

## How to Enter

To enter, visit FAVCHEF.COM (the “Website”) to complete and submit your official entry form. You must provide all information requested including three (3) different photographs of yourself and/or your favorite meals that conform to the specifications required below (the “Submitted Photographs”) using the upload tool and instructions provided.

Submitted Photographs must not infringe or violate any right of any third party or entity, including but not limited to copyright, right of publicity, and right of privacy. Please check with the photographer and anyone appearing in the photographs to make sure that you have the rights to submit the photographs. Submitted photos should not contain obscene or otherwise offensive content. The determination of whether any image exhibits obscene or offensive content is at the sole discretion of Sponsor. False, deceptive, or incomplete entries or information provided by Entrants at any point relating to the Competition may render the entry ineligible regardless of when the problem is discovered.

Entrant agrees that Sponsor may contact an Entrant, including via auto-dialer, email message, or text message, for any purpose relating to the Competition including to request resubmission of one or more of the Submitted Photographs and/or to request that the Entrant submit Additional Photographs. Entrants may contact Sponsor or reply STOP to withdraw consent to be contacted via auto-dialer, email message, or text message at any time. While Entrants may have assistance in entering data and uploading the Submitted Photographs, each Entrant must otherwise complete the entry forms themselves. As set forth in greater detail below, submission of photographs and entry in the Competition constitutes consent to the use of the Submitted Photographs in magazines and branded digital apps and websites, and otherwise in connection with the Favorite Chef brands, and in any and all media now known or hereafter discovered for the full duration of the copyright in the applicable Submitted Photographs. By entering this Competition, Entrant controls all necessary rights in the Submitted Photographs to grant Sponsor the rights described herein.

Submission of a qualifying entry grants Sponsor and its representatives and agents the right to publish, use, adapt, edit, and/or modify such entry in any way, in any and all media, without limitation and without consideration to Entrant. Submission of an entry further constitutes Entrant's consent to irrevocably assign and transfer to Sponsor all rights, title, and interest in the entry, including, without limitation, all copyrights reserved.

Except as otherwise permitted herein, only one entry per person will be accepted; all subsequent entries will be disregarded. Entrants may submit their entry forms and photographs using the above procedures anytime during the period between 01/05/21 – 02/23/21 (the "Entry Period"). After entering the Competition, the Submitted Photographs may be placed on the website, where they may be viewed by visitors to the website. Entrants may be requested to submit additional images (the "Additional Photographs") for publication on the website, so long as such images do not display offensive content, are not obscene (as determined in the sole discretion of Sponsor), and do not infringe upon the rights of any person or entity, including but not limited to copyright, right of publicity, and right of privacy.

**How to VOTE**

ENTRANTS ARE NOT PERMITTED TO USE THEIR PERSONAL PAYMENT METHODS TO PAY FOR VOTES FOR THEMSELVES. ENTRANTS CAUGHT UTILIZING THEIR PERSONAL

PAYMENT METHODS AND CASTING PAID VOTES FOR THEMSELVES MAY BE SUBJECT TO DISQUALIFICATION. Voters must use a valid Facebook account. A valid Facebook account is the sole account of a real person and is not associated with automated voting services, fake votes, automatic voting bots, or fake accounts. During each round of the Competition, individuals with a valid Facebook account may use that account to cast one or more votes for one or more Entrants. Voters can vote by doing the following: (a) Voters will earn one (1) free vote every 24 hours by logging in to vote for their favorite Entrant(s) and verifying voter eligibility with a valid Facebook account; or (b) Voters can purchase additional votes (for one or more Entrants). "Qualifying Votes" are those placed in accordance with these Rules and the Competition Terms and Conditions, (https://favchef.com/terms) which can also be found on the Website. The winning Entrant(s) of each round of the Competition will be determined based upon the number of Qualifying Votes received, with those receiving the highest number of Qualifying Votes deemed the winner(s). "Bot" activity or any kind of robotic or automated voting mechanism is not an accepted form of voting and such votes will not be counted if discovered. If this type of false voting is detected, the associated IP address, email address and Facebook account will be banned from voting. Sponsor reserves the right to disqualify Entrants suspected in encouraging, soliciting, or otherwise knowingly participating in this type of activity, or any other voting activity Sponsor deems unfair at its sole discretion. Sponsor reserves the right, at their sole discretion, to disqualify any individual it finds to be tampering with the entry or voting process or the operation of the Competition.

**Competition Schedule**

SPONSOR WILL SELECT, IN ITS SOLE, ABSOLUTE AND COMPLETE DISCRETION, WHICH ENTRANTS WILL PARTICIPATE IN THE COMPETITION. Selected Entrants will be divided into groups and advance to the initial public voting round. Public voting begins February 16th.

Top 15 (Starts February 16th and Ends February 25th) - Public voting will help reduce each group to the top fifteen Entrants.

Top 10 (Starts February 25th and Ends March 4th) - Public voting will help reduce each group to the top ten Entrants.

Top 5 (Starts March 4th and Ends March 11th) - Public voting will help reduce each group to the top five Entrants.

Group Winners (Starts March 11th and Ends March 18th) - Public voting will help reduce each group to one preliminary winner in each group.

Quarter-finals (Starts March 19th and Ends March 25th) – Group winners will be divided into quarter-final groups. Voting will be reset, and public voting will determine one (1) winner from each quarter-finals group that will advance into the semi-finals.

Semi-Finals (Starts March 26th and Ends April 1st) – Quarter-final winners will be divided into semi-final groups. Voting will be reset, and public voting will determine one (1) winner

from each semi-finals group that will advance into the final round.

Finals (Starts April 2nd and Ends April 8th) – Voting will be reset, and public voting will determine the winner of the Favorite Chef on April 8th.

**Notification to Entrants**

Selected Entrants for each round and the Grand Prize Winner will be notified by email, telephone, or other means reasonably calculated to provide notice, including but not limited to via auto-dialer, email message, or text message. Entrants consent to a background check that may be performed, at the sole discretion of Sponsor, to verify information provided by Entrants and compliance with these Rules, or for other reasons related to the Competition. If you are selected as the Grand Prize Winner, your information may also be included in a publicly available winner's list.

**Grand Prize**

The one (1) verified Grand Prize Winner in this Competition will receive a prize package valued at an approximate maximum retail equivalent of $65,000.00, comprised of a $50,000 (cash) honorarium and the $15,000 estimated value to appear in a sponsored double-page advertisement in Bon Appétit announcing the winner. The Grand Prize Winner may refer to themself as the "Favorite Chef Winner" in written and descriptive materials but only if such uses and displays are purely non-commercial and in no event suggest or create any confusion whatsoever that Sponsors or Bon Appétit are endorsing or participating in any manner related to the use of its name, logos, or fonts. For the avoidance of doubt, any mention of Bon Appétit is strictly prohibited unless to state "See Favorite Chef's advertisement in Bon Appétit!".

The Grand Prize Winner will be photographed exclusively by a Favorite Chef designated photographer. The Grand Prize Winner must be available to be interviewed and provide images within 60 days after the Competition ends, with specific dates to be determined. If the Grand Prize Winner is not available for any reason, an alternate winner may be selected, and the Grand Prize will be transferred to the alternate winner. Cash winnings will be provided after receiving all necessary documentation in compliance with Competition eligibility as well as successful completion of article to be published.

The Grand Prize Winner will be announced on the Website. By agreeing to appear as the winner of the Competition, the Grand Prize Winner consents to the use of their name, photos (including the photo shoot, two page spread, interview, etc.), and/or likenesses for advertising and trade purposes in connection with the Favorite Chef competition, including without limitation, the Favorite Chef and Bon Appétit Print and Digital Materials in the United States and any countries where the competition and magazine (as defined below) exist, in any and all media known or hereinafter discovered without territorial or time limitations and without additional compensation, except where prohibited. In the event there is an occurrence beyond the Sponsors control, including but not limited to a

force majeure, or act of nature, etc., Sponsor may elect, in its sole discretion, to offer a cash equivalency for all (or) portion of the Grand Prize, in substitution for the current Grand Prize as described herein, in this Section. By accepting prize money, the Grand Prize Winner acknowledges compliance with these Rules. To the extent that any federal and/or state income or other taxes apply to the value of the prize(s) and/or award(s) provided to the Grand Prize Winner, the Grand Prize Winner shall be solely responsible for the reporting and payment of such taxes.

**Ancillary Promotions**

Sponsor reserves the right in its sole and absolute discretion to conduct additional promotions during the Competition (each, if any, an "Ancillary Sponsor Promotion", and collectively, the "Ancillary Sponsor Promotions"). Ancillary Sponsor Promotions, if any, may be conducted in a manner that may or may not be related to elements of the Competition.

Prior to conducting, and throughout the duration of, any such Ancillary Sponsor Promotion, Sponsor may provide the following information about any such Ancillary Sponsor Promotion:

Who can enter such Ancillary Sponsor Promotions (e.g., Competition Entrants only, individuals casting votes in the Competition, the public, and/or combination of two or more of the foregoing categories);

The entry period for such Ancillary Sponsor Promotion;

How and when the winner(s) of such Ancillary Sponsor Promotion will be selected; and

The prize(s) to be awarded to the potential winner(s) of such Ancillary Sponsor Promotion, and all terms, conditions, and restrictions applicable to the use or redemption, of any such prize(s).

Examples of Ancillary Sponsor Promotions may include, but are not limited to, promotions related to incentivizing individuals to enter or vote for Entrants in the Competition during a designated period. These Rules, to the extent applicable, shall govern the Ancillary Sponsor Promotions.

**Conduct**

Failure to comply with these Rules may result in disqualification. Sponsor reserves the right, in its sole discretion, to disqualify any individual as an Entrant or a Voter, including the voiding of votes, for reasons including: (a) acting in any manner deemed by Sponsor to be in violation of these Rules; or (b) acting in any manner deemed by Sponsor to be unsportsmanlike, disruptive, and/or with intent to annoy, abuse, threaten, or harass any other person. The Sponsor also reserves the right, at its sole discretion, to disqualify any individual it finds to be tampering with the entry process or the operation of the Competition. ANY ACTION BY A VOTER, ENTRANT OR ANY OTHER INDIVIDUAL WHICH

DAMAGES OR UNDERMINES THE LEGITIMATE OPERATION OF THE COMPETITION MAY BE IN VIOLATION OF CRIMINAL AND CIVIL LAWS AND, SHOULD SUCH ACTION BE TAKEN, SPONSOR RESERVES THE RIGHT TO SEEK DAMAGES AND COSTS (INCLUDING WITHOUT LIMITATION, ATTORNEYS' FEES) FROM ANY SUCH PERSON TO THE FULLEST EXTENT PERMITTED BY LAW.

**Requirements and Consent of Winner**

Potential winner will be required to execute an affidavit of eligibility, a liability/publicity release, Entrant release and other documents ("Prize Claim Documents"). If any potential winner fails or refuses to sign and return all Prize Claim Documents within fourteen (14) days of prize notifications sent, the winner may be disqualified, and an alternate winner may be determined/selected. If you are selected as the winner, you consent to your information being included in a publicly available winner's list. Except where prohibited, acceptance of a prize constitutes winner's irrevocable consent to Sponsor and its agents, successors and assigns or other designee's use of winner's name, likeness, photograph, voice, statement, opinions, biographical information, prize and/or state/city of residence for advertising, promotional and publicity purposes in any and all media or format, worldwide, in perpetuity, without any permission, notification, payment or consideration except for the awarding of the prizes to the winner. Sponsor is not responsible for any change in address of Entrants. By accepting a prize, the Winner agrees to maintain their behavior in accordance with all applicable laws and generally accepted social practices while participating in any Competition activity, including but not limited to participation in or use of a prize. The Winner understands and further agrees that Sponsor has the right, in its sole discretion, to disqualify and remove the Winner from any activity at any time if Sponsor determines that the Winner's behavior at any point is disruptive or inappropriate or may or does cause damage to person, property, or the reputation of Sponsor, or otherwise violates the policies of the prize providers.

**Waiver and Limitations of Liability**

PARTICIPANTS (TO INCLUDE ENTRANTS, VOTERS AND WINNERS) AGREE THAT IN NO EVENT SHALL SPONSOR, PROMOTION ENTITIES, CONTEST OPERATORS, OR ANY PRIZE PROVIDER (COLLECTIVELY THE "COMPETITION ENTITIES"), WHICH INCLUDES THE OFFICERS, DIRECTORS, EMPLOYEES, CONTRACTORS AND AGENTS OF EACH, BE LIABLE OR OBLIGATED TO AN ENTRANT, VOTER, WINNER, OR ANY THIRD PARTY IN ANY MANNER FOR ANY SPECIAL, INCIDENTAL, EXEMPLARY, CONSEQUENTIAL, PUNITIVE, OR INDIRECT DAMAGES OF ANY KIND IN ANY WAY RELATED TO THE COMPETITION, REGARDLESS OF THE FORM OF ACTION, WHETHER IN CONTRACT, TORT, NEGLIGENCE, STRICT PRODUCT LIABILITY, OR OTHERWISE, EVEN IF INFORMED OF THE POSSIBILITY OF ANY SUCH DAMAGES IN ADVANCE, OTHER THAN FOR ACTUAL OUT-OF-POCKET EXPENSES, ATTORNEYS' FEES AND ARBITRATION COSTS. THIS SECTION SHALL APPLY TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW AND NOTWITHSTANDING THE

FAILURE OF ANY LIMITED REMEDY.

ALL PARTICIPANTS RELEASE, DEFEND, INDEMNIFY, AND HOLD HARMLESS THE COMPETITION ENTITIES FROM AND AGAINST ANY AND ALL LIABILITY WITH RESPECT TO, OR IN ANY WAY ARISING FROM, IN WHOLE OR IN PART, DIRECTLY OR INDIRECTLY, THIS COMPETITION, PUBLICATION OR USE OF THE SUBMITTED PHOTOGRAPHS OR ADDITIONAL PHOTOGRAPHS, ENTRANTS' NAMES AND LIKENESSES, AND/OR ACCEPTANCE, USE, MISUSE, LOSS, OR MISDIRECTION OF THE PRIZE, INCLUDING LIABILITY FOR PERSONAL INJURY, DEATH, DAMAGES, OR MONETARY LOSS. By participating in the Competition, Participants further agree to release and hold harmless the Competition Entities from and against any claim: (a) of ambiguity or error in the Competition, these Rules, the Terms and Conditions, (https://favchef.com/terms) or the Privacy Policy; (b) related to lost, late, incomplete, or misdirected entries or votes; (c) for injuries, damages or losses (including death) of any kind resulting in whole or in part, directly or indirectly, from acceptance, possession, misuse, use, loss, or misdirection of any prize, or participation in any Competition- related activity or participation in this Competition; (d) for copyright infringement or violation of the right of publicity based on use of the Submitted or Additional Photographs by Sponsor; or (e) due to any error in the offering or announcement of any prize.

PARTICIPANTS FURTHER AGREE THAT ALL DECISIONS OF SPONSOR SHALL BE FINAL AND CONCLUSIVE ON ALL MATTERS RELATING TO THE COMPETITION AND THAT THE COMPETITION ENTITIES ARE NOT RESPONSIBLE FOR ANY INCORRECT OR INACCURATE ENTRY INFORMATION, HUMAN ERROR, TECHNICAL MALFUNCTION, FAILURES, OMISSION, INTERRUPTION, DELETION, OR DEFECT OF ANY TELEPHONE NETWORK, COMPUTER ONLINE SYSTEMS, COMPUTER EQUIPMENT, SERVERS, ACCESS PROVIDERS, OR SOFTWARE, INCLUDING ANY INJURY OR DAMAGE TO PARTICIPANTS OR ANY OTHER PERSONS' COMPUTER RELATING TO OR RESULTING FROM PARTICIPATION IN THIS COMPETITION, INABILITY TO ACCESS THE ENTRY WEBSITE OR ANY PAGES THEREOF, THEFT, TAMPERING, DESTRUCTION, OR UNAUTHORIZED ACCESS TO, OR ALTERATION OF ENTRIES, ENTRY SUBMISSIONS THAT ARE PROCESSED LATE OR INCORRECTLY OR ARE INCOMPLETE, GARBLED, OR LOST DUE TO COMPUTER OR ELECTRONIC MALFUNCTION OR TRAFFIC CONGESTION ON THE INTERNET OR ANY WEBSITE. PROOF OF ENTERING INFORMATION ON THE WEBSITE IS NOT CONSIDERED PROOF OF DELIVERY OR RECEIPT.

PARTICIPANTS ACKNOWLEDGE AND AGREE THAT SPONSOR DOES NOT MONITOR FOR OFFSITE ACTIVITY AND IS IN NO WAY RESPONSIBLE FOR MANAGING OR CONTROLLING OFF-SITE ACTIVITY VIA SOCIAL MEDIA AND/OR OTHER THIRD PARTY PLATFORMS INCLUDING BUT NOT LIMITED TO NEGATIVE AND DISPARAGING CORRESPONDENCE BETWEEN ENTRANTS AND VOTERS, OFFSITE VOTE INCENTIVES, MISLEADING OR DECEPTIVE PROMOTIONAL TACTICS, OR ANY OTHER BEHAVIORS CONSIDERED TO BE MISLEADING OR UNSPORTSMANLIKE.

**Dispute Resolution**

NOTICE REGARDING DISPUTE RESOLUTION. THESE RULES GOVERN WHAT CLAIMS YOU CAN BRING, WHAT DAMAGES YOU CAN CLAIM, AND HOW DISPUTES BETWEEN YOU AND THE COMPETITION ENTITIES RELATING TO YOUR PARTICIPATION AS AN ENTRANT, VOTER OR WINNER (COLLECTIVELY, A "PARTICIPANT") IN THE FAVORITE CHEF COMPETITION (THE "COMPETITION") WILL BE RESOLVED. THE SECTIONS OF THESE RULES TITLED "WAIVER AND LIMITATIONS OF LIABILITY" AND "DISPUTE RESOLUTION" EXPLAIN WHAT CLAIMS YOU ARE WAIVING, WHAT DAMAGES YOU CAN CLAIM, AND CONTAIN AN ARBITRATION AGREEMENT AND WAIVER OF CLASS ACTION WHICH STATES THAT WE MUST ARBITRATE INSTEAD OF GOING TO A COURT BEFORE A JUDGE AND JURY AND THAT ALL SUCH ARBITRATION CLAIMS MUST BE BROUGHT IN YOUR INDIVIDUAL CAPACITY, AND NOT AS A PLAINTIFF OR CLASS REPRESENTATIVE OR MEMBER OR OTHERWISE ON BEHALF OF OTHERS IN ANY PURPORTED CLASS, COLLECTIVE OR REPRESENTATIVE PROCEEDING.

Any dispute or claim arising out of, or relating in any way, to the Competition, your participation in it, these Rules, the Terms and Conditions, (https://favchef.com/terms) or the Privacy Policy, including all issues concerning the construction, validity, interpretation, and enforceability of these Rules, Entrant or Voter rights and obligations, the rights and obligations of the Sponsor, or the extent of any waiver or release of claims by you, shall be settled by binding and unappealable arbitration administered by the American Arbitration Association by operation of these Rules in accordance with its Consumer Arbitration Rules and judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof. ALL ARBITRATION CLAIMS MUST BE BROUGHT IN YOUR INDIVIDUAL CAPACITY, AND NOT AS A PLAINTIFF OR CLASS REPRESENTATIVE OR MEMBER OR OTHERWISE ON BEHALF OF OTHERS IN ANY PURPORTED CLASS, COLLECTIVE OR REPRESENTATIVE PROCEEDING.

Claims shall be heard by a single arbitrator. The place of arbitration shall be Phoenix, Arizona. The arbitration shall be governed by the laws of the State of Arizona. Each party will, upon written request of the other party, promptly provide the other with copies of all relevant documents. There shall be no other discovery allowed. Hearings will take place pursuant to the standard procedures of the Consumer Arbitration Rules, although the parties can appear in person, by video or telephonically. The standard provisions of the Consumer Arbitration Rules shall apply. Arbitrators will only have the authority to grant relief as otherwise specified in these Rules. Except as may be required by law, neither a party nor an arbitrator may disclose the existence, content, or results of any arbitration hereunder without the prior written consent of both parties. To the extent damages are awarded, the arbitration award shall be limited to actual out-of-pocket costs incurred. In addition, the prevailing party will be entitled to recover its attorneys' fees and arbitration costs.

**Termination**

If for any reason the Competition and/or any Round of the Competition cannot be executed as set forth in these Rules, including but not limited to, as a result of acts of God,

acts of war, natural disasters, weather, pandemic or epidemic illness, disease, acts of terrorism, computer virus, tampering, unauthorized intervention, fraud, technical failures, or other factors that may corrupt or affect the security, administration, fairness, integrity or proper conduct of the Competition, and/or if the Competition is compromised or becomes technically corrupted in any way, electronically or otherwise, the Sponsor reserves the right to cancel, terminate, suspend, and/or modify the Competition and/or any Round of the Competition with or without prior notice, and the Sponsor shall not in any way be responsible or liable for any such cancellation, termination, suspension, and/or modification of the Competition and/or any phase of the Competition. Further, if the Competition is terminated before the original end date, the Sponsor reserves the right, in its sole discretion to modify the procedure for selecting winners, unless the nature of the event giving rise to such termination renders it impossible to select the winner(s).

**Competition Withdrawal Request**

By entering or voting in the Favorite Chef, you agree that a competition withdraw request or request for removal from the competition can take up to 48 hours to be processed and that a profile may still remain active during this length of time. Voters and Entrants both acknowledge and agree that no refunds will be given upon an Entrants request for removal from the competition. Favorite Chef does not encourage withdraw or voluntary removal from the competition as this portrays a disservice to voters. By voting, you understand and acknowledge that no refunds will be offered should an Entrant be eliminated, disqualified, or willingly withdrawn from the competition. Voters acknowledge that there are no exceptions to this policy.

**Donation**

BY PARTICIPATING IN THE COMPETITION AS AN ENTRANT OR A VOTER, YOU ARE NOT MAKING ANY DONATION TO CHARITY. PURCHASING VOTES DOES NOT QUALIFY AS A DONATION TO CHARITY. VOTE PURCHASES ARE NOT TAX DEDUCTIBLE. SPONSOR ALONE IS MAKING A DONATION OF CONTEST PROCEEDS TO CHARITY. BY SIMPLY PARTICIPATING IN THE COMPETITION AS AN ENTRANT, VOTER OR WINNER, YOU ARE NOT MAKING ANY DONATION TO CHARITY.

At the end of the Competition Sponsor will be donating 25% of its proceeds earned from votes purchased to "Feeding America", a not-for-profit 501(c)(3) organization working to connect people with food and end hunger.

**Contact Information**

If you have any questions or comments about the Competition as outlined above, or would like to request the name of the Grand Prize Winner, please contact Sponsor. (https://favchef.com/contact)

**No Affiliation**

This Competition is not in any manner sponsored, endorsed, or administered by, or associated with, Facebook, Instagram, Bon Appétit or Condé Nast.

(https://www.instagram.com/favchef) (https://www.facebook.com/Favorite-Chef-114408657136641)

Rules (https://favchef.com/rules) · Terms (https://favchef.com/terms) · Privacy (https://favchef.com/privacy) · Support (https://favchef.com/contact) · Login (https://favchef.com/login)

# TERMS AND CONDITIONS

Last updated on 2021-02-18

**NO PURCHASE OR PAYMENT OF ANY KIND IS NECESSARY TO ENTER OR VOTE IN THIS COMPETITION.**

WARRANTY DISCLAIMERS, LIABILITY LIMITATIONS, AND ARBITRATION. PLEASE NOTE THAT THE DISCLAIMER OF WARRANTIES, LIMITATIONS OF LIABILITY, AND GOVERNING LAW, WAIVER AND DISPUTE RESOLUTION SECTIONS CONTAIN IMPORTANT LIMITATIONS ON OUR LIABILITY AND OUR AGREEMENT TO ARBITRATE FOLLOWING THE LAWS OF ARIZONA ONLY.

**SPECIAL NOTE:** AS EXPLAINED BELOW, THE PURCHASE OF A VOTE IN THE COMPETITION IS NOT A DONATION AND IS NOT TAX DEDUCTIBLE.

## SPONSOR

Favorite Chef "Sponsor" administers the Website and the associated Competition and can be contacted here: Contact Sponsor. (https://favchef.com/contact)

## PERSONAL INFORMATION

Your privacy is very important to us, which is why we have created a separate Privacy Policy (https://favchef.com/privacy) to explain in detail how we collect, manage, process, secure, and store your private information. Please read our Privacy Policy in its entirety.

## DISCLAIMER OF WARRANTIES

UNLESS OTHERWISE EXPRESSED, SPONSOR EXPRESSLY DISCLAIMS ALL WARRANTIES AND CONDITIONS OF ANY KIND, WHETHER EXPRESS OR IMPLIED, INCLUDING, BUT NOT LIMITED TO THE IMPLIED WARRANTIES AND CONDITIONS OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE AND NON-INFRINGEMENT.

Any content or information downloaded or otherwise obtained through the use of our website, forms, social media, press releases, communications, including emails and test messages (collectively the “Resources”) is done at your own discretion and risk, and you

are solely responsible for any damage to your computer or other devices for any loss of data that may result from the download of such content.

No information or advice, whether expressed, implied, oral or written, obtained by you from Sponsor or through any Resources we provide shall create any warranty, guarantee, or conditions of any kind, except for those expressly outlined in these Terms and Conditions.

YOUR USE OF THE RESOURCES IS AT YOUR SOLE RISK. TO THE FULLEST EXTENT PERMITTED BY LAW, YOU ARE RESPONSIBLE FOR COMPLYING WITH THESE TERMS OF USE AND ALL APPLICABLE LAWS WITH RESPECT TO THE USE OF THE RESOURCES. EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THESE TERMS OF USE, THESE RESOURCES, INCLUDING ALL INFORMATION AND CONTENT MADE AVAILABLE ON OR ACCESSED THROUGH THE SITE, ARE MADE AVAILABLE TO YOU "AS IS" WITHOUT WARRANTIES OR REPRESENTATIONS OF ANY KIND. FURTHER, TO THE FULLEST EXTENT PERMISSIBLE BY LAW, WE DISCLAIM ALL WARRANTIES OF ANY KIND, EITHER EXPRESS OR IMPLIED, INCLUDING WITHOUT LIMITATION, IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE, FOR THE RESOURCES, THEIR CONTENTS AND THE REGISTRATION, AND ITEMS LISTED OR PURCHASED THROUGH THE RESOURCES. WE DO NOT WARRANT THAT THE FUNCTIONS CONTAINED IN THE RESOURCES OR ANY MATERIALS OR CONTENT CONTAINED THEREIN WILL BE UNINTERRUPTED OR ERROR FREE, THAT DEFECTS WILL BE CORRECTED, OR THAT THE SITE, ITS RESOURCES OR THE SERVER THAT MAKES IT AVAILABLE IS FREE OF VIRUSES OR OTHER HARMFUL COMPONENTS. TO THE FULLEST EXTENT PERMITTED BY LAW, WE SHALL NOT BE LIABLE FOR THE USE OF THE RESOURCES, INCLUDING, WITHOUT LIMITATION, THE CONTENT AND ANY ERRORS CONTAINED THEREIN. THIS DISCLAIMER CONSTITUTES AN ESSENTIAL PART OF THESE TERMS.

**LIMITATIONS OF LIABILITY**

Under no circumstance will Sponsor be liable for any direct or indirect damages with respect to the availability or accuracy of the Resources or information contained therein, the availability of the Competition or operation of the site, the responsiveness of the Resources or your use of the Resources or information provided to you.

IN NO EVENT SHALL THE SPONSOR BE LIABLE TO YOU OR ANY THIRD PARTY FOR ANY INDIRECT, CONSEQUENTIAL, EXEMPLARY, INCIDENTAL, SPECIAL OR PUNITIVE DAMAGES, INCLUDING LOST PROFITS, LOSS OF GOODWILL, LOSS OF REPUTATION, COST OF COVER DAMAGES OR INTANGIBLE LOSSES OF ANY KIND ARISING FROM YOUR USE OF THE SITE OR RESOURCES, YOUR INABILITY TO USE THE SITE OR RESOURCES, OR THE REGISTRATION, VOTING, PRODUCTS OR SERVICES AVAILABLE THROUGH THE SITE OR RESOURCES, EVEN IF THE SPONSOR HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES. FURTHER, TO THE FULLEST EXTENT PERMITTED BY LAW, IN NO EVENT WILL THE SPONSOR BE LIABLE FOR ANY DIRECT DAMAGES BEYOND OUT OF POCKET COSTS, ATTORNEYS' FEES OR ARBITRATION COSTS.

## COPYRIGHTS/TRADEMARKS

All content and materials available on the Sponsor's webpage, including but not limited to text, graphics, website name, code, images, and logos are the intellectual property of Sponsor, and are protected by applicable copyright and trademark law. Any inappropriate use, including but not limited to the reproduction, distribution, display, or transmission of any content on the site is strictly prohibited, unless specifically authorized by Sponsor.

The information provided by the Sponsor is the copyrighted property of the Sponsor. Your use of this information is limited to you alone under these Terms and Conditions and the Rules. It may not be copied, retransmitted, sold or provided to others in any form or format except as provided for in this section of the Terms and Conditions.

The news media and subscribers may use brief portions of any material provided it is not distorted, Sponsor is given credit for the material utilized, and Sponsor is shown as the Copyright holder.

Entrants expressly assign any intellectual property rights in the Submitted or Additional Photographs to Sponsor and waive any claims for copyright infringement or violation of the right of publicity.

## GOVERNING LAW, WAIVER AND DISPUTE RESOLUTION

The Competition is controlled by Sponsor from offices located in the State of Arizona, USA. It can be accessed from most countries around the world. As each country has laws that may differ from those of Arizona, by accessing our website and/or participating in the Competition in any fashion, you agree that the laws of Arizona, without regard to the conflict of laws and the United Nations Convention on the International Sales of Goods, will apply to all matters relating to the Competition, including as an Entrant, Voter or Winner, the use of this website and the participation in the Competition including through this site.

Furthermore, any action to enforce these Terms and Conditions shall be brought pursuant to the Rules and the specific provisions in the Rules titled Waiver and Limitations of Liability and Dispute Resolution, which are incorporated in this document by this reference. You hereby agree to be bound and abide by the Competition Rules and all provisions therein which are accessible here: Rules (https://favchef.com/rules)

## COMMUNICATION

Collected information will not be shared with any third party and use will comply with the Privacy Policy.

## SMS/TEXTING

When you provide us with your mobile phone number, you agree that Sponsor may contact you at this number via text message. Message and data rates apply. Message frequency may vary. Consent to be contacted via text message is not required to participate in the Competition. Reply STOP to discontinue text messages at any time or contact us at any time to opt out of future communications.

## EMAIL

By providing your email address, you agree to receive emails from Sponsor (including newsletter, updates, and promotional offers related to the Competition).

## ENTRANTS

By entering the Competition, Entrants accept and unconditionally agree to be bound and abide by these Terms and Conditions.

## ELIGIBILITY

All Entrants must be of Eligible Age (at least eighteen (18) years or older) on the date that the earliest of the Submitted Photographs were taken. Void where prohibited or otherwise restricted by applicable law.

Employees and family members of the Sponsor and its respective parent companies (collectively, the “Competition Entities”), are ineligible to participate.

## RULES

Entrants agree to and must abide by the Rules of the Competition. Please read the Competition Rules in their entirety Rules. (https://favchef.com/rules) By participating in any fashion in the Competition, including as an Entrant or Winner, you are agreeing to the Rules, the Privacy Policy, and these Terms and Conditions.

## PURCHASED VOTES

Entrants are not permitted to cast paid votes for themselves.

## VOTERS

Voters must be of Eligible Age and are entitled to one (1) free vote each day during the Competition. Additional votes may be purchased.

## RULES

Voters agree to be bound and abide by the Rules of the Competition. Please read the Competition Rules in their entirety Rules. (https://favchef.com/rules) By participating in any fashion in the Competition, including as a Voter, you accept and unconditionally agree to be bound and abide by the Rules, the Privacy Policy, and these Terms and Conditions, including the Terms of Purchase set forth below.

## TERMS OF PURCHASE

By your use of the Website and/or by completing your vote purchase, you hereby explicitly agree to be bound and abide by the Waiver and Limitations of Liability and Dispute Resolution provisions of the Rules. (https://favchef.com/rules)

## DONATION

Purchased votes are not donations and are not tax deductible. Voters do not donate by virtue of purchasing votes.

All votes purchased throughout the Competition are processed by the Favorite Chef competition. At the end of the Competition, the Sponsor in its separate and sole capacity will be donating 25% of its proceeds earned from votes purchased to "Feeding America", a not-for-profit 501(c)(3) organazation working to connect people with food and end hunger.

THIS DOES NOT AMOUNT TO A DONATION BY VOTERS IN ANY WAY, SHAPE OR FORM.

## REFUND POLICY

Since the Competition will be decided based upon votes the public casts, there are no refunds once a vote is cast. As a voter, you are responsible for understanding this policy. To maintain the integrity of the Competition, there will be no exceptions to this policy.

All vote purchases are immediately final and non-refundable. By making a purchase you acknowledge you have read and agreed to the "No Refund" Policy, as written herein.

## AGREEMENT

These are the complete Terms and Conditions which, in combination with the Competition Rules, and Privacy Policy, govern your use of the Sponsor's webpage and any participation by you as an Entrant, Voter or Winner in the Competition. Nothing published or said elsewhere should be viewed as a modification of these Terms, the Rules, or the Privacy Policy.

**CHANGES TO THIS AGREEMENT**

We may occasionally update this agreement. When we do, we will also revise the "last updated" date at the top of the agreement herein, posted on this website. Such changes will be effective when posted by us. Your continued use of the Resources or participation in any fashion with the Competition after the date upon which this agreement is changed and the changes are posted will constitute your continued acceptance of this agreement. Your only alternative, should you no longer wish to be bound by the Terms and Conditions of this agreement, is termination of your use of the service. No full or partial refunds will be offered in such an event.

**CONTACT INFORMATION**

If you have any questions or comments about these Terms and Conditions as outlined above, you can contact us. (https://favchef.com/contact)

**SEVERSON & WERSON, P.C.**
Scott J. Hyman (SBN: 148709)
19100 Von Karman Ave., Suite 700
Irvine, CA 92612
T: 949.442.7110
F: 949.442.7118
sjh@severson.com

**EVERSHEDS SUTHERLAND (US) LLP**
Scott A. Penner (SBN: 253716)
Eversheds Sutherland (US) LLP
12255 El Camino Real, Ste 100
San Diego, CA 92130
T: 858.252.2510
ScottPenner@eversheds-sutherland.com

Attorneys for Defendants CROW VOTE LLC, DARRIN AUSTIN, AND EDWARD MATNEY

**IN THE UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

| | |
|---|---|
| BRIDGET WARD AND LISA WARD, on behalf of themselves and all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CROW VOTE LLC, DARRIN AUSTIN, EDWARD MATNEY, AND DOES 1 THROUGH 100 INCLUSIVE,<br><br>Defendants. | Case No. 8:21-cv-01110-JVS-DFMx<br><br>Complaint filed April 16, 2021<br>Trial Date: February 14, 2023<br>Pre-Trial Date:<br>Discovery Cutoff:<br>**Class Action**<br><br>**DEFENDANT CROW VOTE LLC'S THIRD SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORIES ON DEFENDANT CROW VOTE LLC (SET ONE)**<br><br>**CONTAINS INFORMATION DESIGNATED AS CONFIDENTIAL PURSUANT TO THE PROTECTIVE ORDER (D.I. 57) MARKED BY BRACKETS**<br><br>Department 10-C<br>Hon. James V. Selna |

TO EACH PARTY AND THEIR ATTORNEY OF RECORD:

PROPOUNDING PARTY. Plaintiff BRIDGET WARD

RESPONDING PARTY: Defendant CROW VOTE LLC.

SET NO: One.

**DEFENDANT CROW VOTE LLC'S THIRD SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORIES**

**Preliminary Statement and General Objection**

Crow Vote objects to these requests in their entirety, on the grounds that the parties contractually agreed to arbitrate all claims between them, and thus discovery in this action, indeed this entire action, is improper. Among other things, the parties agreed that discovery in the arbitration would be limited to the exchange of documents. Plaintiffs' interrogatories are not permitted pursuant to the parties' arbitration agreement. Crow Vote has appealed this Court's order denying the Motion to Compel Arbitration and has also filed a Motion to Stay this proceeding with the United States Court of Appeals for the 9th Circuit. Crow Vote responded to Plaintiffs' Interrogatories and provides this supplement in order to preserve its objections and responses, and by responding does not waive its right to enforce the parties' arbitration agreement and its objection to litigating this matter.

**Objections and Responses to Specific Interrogatories**

1. Fully describe the business relationship among YOU, Darrin Austin, Edward Matney, Miller Inspired LLC, TDX Investments LLC, Jason Miller, and the operators of www.colossal.org with respect to the operation of online contests such as Favorite Chef, America's Favorite Pet, The Greatest Baker, Inked Cover Girl!, Miss Jetset Magazine, Ms. Health & Fitness, and Yoga Warrior during the TIME FRAME. (For purposes of these interrogatories, the terms "YOU" or "YOUR" or "YOURS" mean Responding Party and its parent companies, subsidiaries and affiliated companies; the term "TIME FRAME" means between April 16, 2017, and the current date).

**RESPONSE: Crow Vote objects to Interrogatory No. 1 to the extent it seeks documents protected from discovery by the attorney-client privilege and the attorney work-product doctrine. Crow Vote additionally objects to Interrogatory No. 1 because the term "business relationship" as used herein is vague, ambiguous, and subject to multiple and varying interpretations. In addition, Crow Vote objects to the**

**interrogatory as overly broad, unduly burdensome and not proportional to the needs of the case to the extent that it seeks information about "American's Favorite Pet," "The Greatest Baker," "Inked Cover Girl!," "Miss Jetset Magazine," "Ms. Health & Fitness," "Yoga Warrior," or www.colossal.org, as none of these competitions or websites are at issue in this case. Crow Vote states further that Colossal Management, LLC, the operator of www.colossal.org, played no role in the Favorite Chef competition or in any of the other above-named competitions and was not formally incorporated until April 6, 2021. Crow Vote operated and administered the Favorite Chef competition. Darrin Austin is a managing member of TDX Investments, LLC and Jason Miller is a member of Miller Inspired, LLC. TDX Investments, LLC and Miller Inspired, LLC are managing members of Crow Vote LLC. TDX Investments, LLC and Miller Inspired, LLC played no role in operating or administering the Favorite Chef competition. Edward Matney played no role in managing or operating the Favorite Chef competition, and he had limited knowledge of the competition beyond being paid a flat fee of $2,000 for his work.**

**SUPPLEMENTAL RESPONSE: Subject to and without waiving any of the objections stated in Defendants' earlier responses to Interrogatory No. 1 and without waiving any objections regarding the relevancy of any issues regarding colossal.org, Crow Vote states that www.colossal.org is wholly owned by Jason Miller. It played no role in and had no business relationship with the Favorite Chef competition or in or with any of the other competitions identified in Interrogatory No. 1. Mary Hagen's LinkedIn profile incorrectly stated that she has been the CEO of Colossal since April 2016. That error has been corrected.**

**SECOND SUPPLEMENTAL RESPONSE: Subject to and without waiving any of the objections stated in Defendants' earlier responses to Interrogatory No. 1, Crow Vote responds as follows:**

**To the extent any information in this response conflicts with a prior answer, the response below controls.**

**Each of the competitions identified below is operated as set forth below.**

**The Favorite Chef competition: Prior to 2021 the Favorite Chef competition did not exist. Crow Vote, LLC operated the Favorite Chef competition in 2021. The Favorite Chef competition has not taken place in 2022.**

**[The America's Favorite Pet competition: Prior to 2022, Crow Vote, LLC operated the America's Favorite Pet competition. In 2022, America's Favorite Pet, LLC operates the America's Favorite Pet competition. America's Favorite Pet, LLC is 100% owned by DWJA, LLC.**

**The Greatest Baker competition: Prior to 2021, Crow Vote, LLC operated The Greatest Baker competition. In 2021, Greatest Baker, LLC operated the Greatest Baker competition. Greatest Baker, LLC is 100% owned by DWJA, LLC. The Greatest Baker competition has not taken place in 2022.**

**The Inked Cover Girl competition: Prior to 2022, Inked Cover Model Search operated the Inked Cover Girl competition. Inked Cover Model Search is registered in the state of Florida as a dba of Crow Vote, LLC. In 2022, Inked Cover Girl, LLC operated the Inked Cover Girl competition. Inked Cover Girl, LLC is 100% owned by DWJA, LLC.**

**The Miss Jetset Magazine competition: Miss Jetset, LLC operated the Miss Jetset Magazine competition. Prior to 2022 Miss Jetset, LLC was owned 50/50 by TDX Investments, LLC and Miller Inspired, LLC. In 2022, Miss Jetset, LLC is 100% owned by DWJA, LLC.**

**The Ms. Health & Fitness Competition: Prior to 2021, Crow Vote, LLC operated the Ms. Health & Fitness competition. Starting in 2021, Ms Health & Fitness, LLC operated the Ms. Health & Fitness Competition. Ms Health & Fitness, LLC is 100% owned by DWJA, LLC.**

**The Yoga Warrior competition: Prior to 2021 the Yoga Warrior competition did not exist. Crow Vote, LLC dba Yoga Warrior operated the Yoga Warrior competition in 2021. In 2022, Yoga Warrior, LLC operated the Yoga Warrior competition. Yoga Warrior, LLC is 100% owned by DWJA, LLC. ]**

**Mr. Darrin Austin is a managing member of TDX Investments, LLC.**

**Mr. Jason Miller is a managing member of Miller Inspired, LLC.**

**TDX Investments, LLC and Miller Inspired, LLC are managing members of Crow Vote, LLC.**

**[Crow Vote, LLC owns 100% of DWJA, LLC.] Crow Vote, LLC provides software that enables entities to run non-gambling, non-lottery and non-sweepstake competitions.**

**Mr. Jason Miller owns and is the 100% operator of the website colossal.org.**

**Mr. Edward Matney played no role in managing or operating the Favorite Chef competition. He was paid a flat fee of $2,000 for his appearance, promotional activities, and use of his name.**

2. State the IDENTITY of all persons who had a direct or indirect ownership interest in Crow Vote LLC during the TIME FRAME. (For purposes of these interrogatories, the term IDENTITY means the full name of a person or entity, their residential and mailing addresses, their phone numbers, and their email addresses)

**<u>RESPONSE</u>: Crow Vote objects to Interrogatory No. 2 as the interrogatory seeks information that is not relevant to any matter at issue in the pleadings, is not calculated to lead to any relevant information for the matters put at issue, and as vague and ambiguous. Crow Vote further objects that this discovery would not be permitted under the Arbitration Clause of the agreement to which Plaintiffs agreed. Subject to and without waiving these objections, Crow Vote supplements its earlier response and**

**states that TDX Investments, LLC and Miller Inspired, LLC are each 50% owners of Crow Vote LLC.**

3. State what role Darrin Austin played in operations of Crow Vote LLC during the TIME FRAME.

**<u>RESPONSE</u>: Crow Vote objects to Interrogatory No. 3 as the interrogatory seeks information that is not relevant to any matter at issue in the pleadings, is not calculated to lead to any relevant information for the matters put at issue, and as vague and ambiguous. Crow Vote further objects that this discovery would not be permitted under the Arbitration Clause of the agreement to which Plaintiffs agreed. Subject to and without waiving these objections, Crow Vote states that during the Favorite Chef competition Darrin Austin was a managing member of TDX Investments, LLC which was a managing member of Crow Vote LLC. Subject to and without waiving these objections, Crow Vote supplements its earlier response and states Darrin Austin, along with Jason Miller, was responsible for general oversight of the day-to-day operations of Crow Vote LLC.**

4. State what role Edward Matney played in operations of Crow Vote LLC during the TIME FRAME.

**<u>RESPONSE</u>: Crow Vote objects to Interrogatory No. 4 as the interrogatory seeks information that is not relevant to any matter at issue in the pleadings, is not calculated to lead to any relevant information for the matters put at issue, and as vague and ambiguous. Crow Vote further objects that this discovery would not be permitted under the Arbitration Clause of the agreement to which Plaintiffs agreed. Subject to and without waiving these objections, Crow Vote states that during the Favorite Chef competition (and at no other time) Edward Matney played no role in the operation of Crow Vote LLC. Crow Vote supplements its earlier response and states that Edward Matney was retained by Crow Vote LLC as an independent contractor and was paid**

**a flat fee of $2,000 to allow Crow Vote to use his name and appear in videos where he read a script that was provided to him for the Favorite Chef competition.**

5. State what role Jason Miller played in operations of Crow Vote LLC during the TIME FRAME.

**<u>RESPONSE</u>: Crow Vote objects to Interrogatory No. 5 as the interrogatory seeks information that is not relevant to any matter at issue in the pleadings, is not calculated to lead to any relevant information for the matters put at issue, and as vague and ambiguous. Crow Vote further objects that this discovery would not be permitted under the Arbitration Clause of the agreement to which Plaintiffs agreed. Subject to and without waiving those objections, Crow Vote states that during the Favorite Chef competition Jason Miller was a member of Miller Inspired, LLC which was an authorized member of Crow Vote LLC. Crow Vote supplements its earlier response and states that Jason Miller, along with Darrin Austin, was responsible for general oversight of the day-to-day operations of Crow Vote LLC.**

6. State what role Darrin Austin played in the operation of the Favorite Chef Competition during the TIME FRAME.

**<u>RESPONSE</u>: Crow Vote objects to Interrogatory No. 6 as the interrogatory seeks information that is not relevant to any matter at issue in the pleadings, is not calculated to lead to any relevant information for the matters put at issue, and as vague and ambiguous. Crow Vote further objects that this discovery would not be permitted under the Arbitration Clause of the agreement to which Plaintiffs agreed. Subject to and without waiving those objections, Crow Vote states that during the Favorite Chef competition Darrin Austin was a managing member of TDX Investments, LLC which was an authorized member of Crow Vote LLC. Crow Vote supplements its earlier response and states that Darrin Austin, along with Jason Miller, was responsible for general oversight of the day-to-day operations of the Favorite Chef competition.**

7. State what role Edward Matney played in the operation of the Favorite Chef Competition during the TIME FRAME.

**<u>RESPONSE</u>: Crow Vote objects to Interrogatory No. 4 as the interrogatory seeks information that is not relevant to any matter at issue in the pleadings, is not calculated to lead to any relevant information for the matters put at issue, and as vague and ambiguous. Crow Vote further objects that this discovery would not be permitted under the Arbitration Clause of the agreement to which Plaintiffs agreed. Subject to and without waiving those objections, Crow Vote supplements its prior response and states that Edward Matney was retained by Crow Vote LLC as an independent contractor and was paid a flat fee of $2,000 to allow Crow Vote to use his name and appear in videos where he read a script that was provided to him for the Favorite Chef competition. He had no other involvement in the Favorite Chef competition or with Crow Vote LLC and should not be a Defendant in this action.**

8. State what role Jason Miller played in the operation of the Favorite Chef Competition during the TIME FRAME.

**<u>RESPONSE</u>: Crow Vote objects to Interrogatory No. 6 as the interrogatory seeks information that is not relevant to any matter at issue in the pleadings, is not calculated to lead to any relevant information for the matters put at issue, and as vague and ambiguous. Crow Vote further objects that this discovery would not be permitted under the Arbitration Clause of the agreement to which Plaintiffs agreed. Subject to and without waiving those objections, Crow Vote states that Jason Miller was a member of Miller Inspired, LLC which is an authorized member of Crow Vote LLC during the Favorite Chef competition. Crow Vote supplements its earlier response and states that Jason Miller, along with Darrin Austin, was responsible for general oversight of the day-to-day operations of the Favorite Chef competition.**

9. State the IDENTITY of the CLASS MEMBERS. (For purposes of these interrogatories, the term CLASS MEMBERS refers to all United States residents who paid money for votes in the Favorite Chef competition)

**<u>RESPONSE</u>: Crow Vote objects to Interrogatory No. 9 as overly broad and unduly burdensome, as well as that it seeks private personal information regarding Crow Vote's customers. Crow Vote further objects to this interrogatory because it seeks information that is irrelevant and immaterial at this time as no class exists, no class has been certified, and one may never be certified. Crow Vote further objects that this discovery would not be permitted under the Arbitration Clause of the agreement to which Plaintiffs agreed. Crow Vote supplements its earlier response and states that it in the process of verifying its voter data, which verification is expected to take approximately thirty (30) days to complete and when such verification is complete will provide information about the aggregate number of voters who cast votes in the Favorite Chef competition.**

**<u>SUPPLEMENTAL RESPONSE:</u> Subject to and without waiving any of the objections stated in Defendants' earlier response to Interrogatory No. 9, Crow Vote responds as follows:**

**There were approximately 1.32 million distinct free voters and up to 110,000 distinct paid voters in the Favorite Chef competition. Note that a voter could be both a free voter and a paid voter, so would be included in both of those totals. Note further that the paid voter total above includes all people who attempted to purchase votes, including those whose attempts were ultimately unsuccessful for any number of reasons including, but not limited to: their credit cards were declined, they sought and received a chargeback from the credit card company, the votes were voided, etc. As a**

**result, the distinct paid voters total is over-inclusive, as many individuals who may have initially attempted to purchase votes never successfully did so or later had the charge refunded.**

10. With respect to each person identified in response to interrogatory no. 9, state the amount of money they paid.

**<u>RESPONSE</u>: Crow Vote objects to Interrogatory No. 10 as overly broad and unduly burdensome, as well as that it seeks private personal information regarding Crow Vote's customers. Crow Vote further objects to this interrogatory because it seeks information that is irrelevant and immaterial at this time as no class exists, no class has been certified, and one may never be certified. Crow Vote further objects that this discovery would not be permitted under the Arbitration Clause of the agreement to which Plaintiffs agreed. Crow Vote supplements its earlier response and states that it in the process of verifying its voter data, which verification is expected to take approximately thirty (30) days to complete and when such verification is complete will provide information about the aggregate dollar amount spent by all voters who cast votes in the Favorite Chef competition.**

**<u>SUPPLEMENTAL RESPONSE:</u> Subject to and without waiving any of the objections stated in Defendants' earlier response to Interrogatory No. 10, Crow Vote responds as follows: The total aggregate dollar amount spent by all voters in the competition was approximately [$6.6 million]. This amount does not account for substantial deductions with regards to chargebacks, voided transactions, or other refunds. Pursuant to Fed. R. Civ. P. 33(d), Crow Vote states that additional responsive information may be found at: CV_00263.**

11. State the number of paid votes cast during the Favorite Chef competition.

**RESPONSE: Crow Vote objects to Interrogatory No. 11 as the interrogatory seeks information that is not relevant to any matter at issue in the case, is not reasonably calculated to lead to any relevant information for the matters put at issue, and is not proportional to the needs of this case. Plaintiffs' alleged harm based on the allegation that the competition allegedly constitutes some form of illegal gambling, which Defendants deny, is irrelevant and unrelated to the total number of votes cast in the competition as described in the Complaint. Without any connection to the allegations in the Complaint, Crow Vote further objects to this interrogatory on the grounds that it seeks information that is not relevant at this stage of the proceedings and is, at best, premature, as no class exists, no class has been certified, and one may never be certified. Crow Vote further objects that this discovery would not be permitted under the Arbitration Clause of the agreement to which Plaintiffs agreed. Crow Vote supplements its earlier response and states that approximately 11 million total votes were cast in the Favorite Chef competition. Further analysis and verification is required to estimate the aggregate number of paid and free votes, which will be provided to Plaintiffs upon completion.**

**SUPPLEMENTAL RESPONSE: Subject to and without waiving any of the objections stated in Defendants' earlier responses to Interrogatory No. 11, Crow Vote supplements its response and states that as many as approximately 13.5 million total votes were cast in the Favorite Chef competition. Of those votes, as many as approximately 3.9 million were free votes and as many as approximately 9.6 million were paid votes. These numbers are, however, over-inclusive, e.g., they do not fully reflect votes that were subsequently voided as a result of a refund or chargeback.**

12. State the number of free votes cast during the Favorite Chef competition.

**RESPONSE: Crow Vote objects to Interrogatory No. 12 as the interrogatory seeks information that is not relevant to any matter at issue in the pleadings, is not**

**reasonably calculated to lead to any relevant information for the matters put at issue, and is not proportional to the needs of this case. Plaintiffs' alleged harm is irrelevant to the total number of votes in the "competition" as described in the Complaint. Crow Vote objects that the interrogatory seeks information that is not relevant at this stage of the proceedings and is, at best, premature, as no class exists, no class has been certified, and one may never be certified. Crow Vote further objects that this discovery would not be permitted under the Arbitration Clause of the agreement Plaintiffs agreed to. Crow Vote has appealed this Court's final order denying the Motion to Compel Arbitration and has filed a Motion to Stay this proceeding with the United States Court of Appeals for the 9th Circuit. Crow Vote supplements its earlier response and states that approximately 11 million total votes were cast in the Favorite Chef competition. Further analysis and verification is required to estimate the aggregate number of paid and free votes, which will be provided to Plaintiffs upon completion.**

**<u>SUPPLEMENTAL RESPONSE:</u> Subject to and without waiving any of the objections stated in Defendants' earlier responses to Interrogatory No. 11, Crow Vote supplements its response and states that as many as approximately 13.5 million total votes were cast in the Favorite Chef competition. Of those votes, as many as approximately 3.9 million were free votes and as many as approximately 9.6 million were paid votes. These numbers are, however, over-inclusive, e.g., they do not fully reflect votes that were subsequently voided as a result of a refund or chargeback.**

13. State the period of time using calendar dates during which the Favorite Chef competition was conducted.

**<u>RESPONSE</u>: Crow Vote objects to Interrogatory No. 13 as the interrogatory seeks information that is not relevant to any matter at issue in the pleadings. Crow Vote objects that the time frame of when the competition began to when the competition ended is not relevant at this stage of the proceedings and is, at best, premature. Crow**

**Vote further objects that this discovery would not be permitted under the Arbitration Clause of the agreement to which Plaintiffs agreed. Subject to and without waiving these objections, Crow Vote states that the rules for the Favorite Chef competition stated the competition was conducted from February 16, 2021 until April 8, 2021.**

14. State whether the Favorite Chef competition generated revenue of at least $2,000 in any single day of operation.

**<u>RESPONSE</u>: Crow Vote objects to Interrogatory No. 14 as the interrogatory seeks information that is not relevant to any matter at issue in the pleadings and is not calculated to lead to any relevant information for the matters put at issue. Crow Vote further objects that this discovery would not be permitted under the Arbitration Clause of the agreement Plaintiffs agreed to. Crow Vote has appealed this Court's order denying the Motion to Compel Arbitration and has also filed a Motion to Stay this proceeding with the United States Court of Appeals for the 9th Circuit. Crow Vote further objects that "generated revenue" is vague and ambiguous. Crow Vote supplements its earlier response and states that the Favorite Chef competition generated revenue of at least $2,000 in any single day of operation.**

15. Fully describe how the "skill" of participants in the Favorite Chef competition was evaluated and by whom.

**<u>RESPONSE</u>: Crow Vote objects to Interrogatory No. 15 as the interrogatory is vague and ambiguous regarding the term "skill." Crow Vote further objects to this Interrogatory because it assumes that "skill" was a necessary component of the competition. The Favorite Chef competition was a competition based on public voting. Because the outcome of the competition was based on public vote, Crow Vote is unable to list all skills that might have influenced the decision of individual voters regarding how they cast their votes. Crow Vote further objects that this discovery would not be permitted under the Arbitration Clause of the agreement to which Plaintiffs agreed.**

**Nonetheless, subject to and without waiving the foregoing objections, competition participants' skill was evaluated by those individuals who decided to become voters in the competition by the casting of votes for their preferred participant according to criteria selected by each voter to best determine the Favorite Chef.**

16. If YOU contend that the payment of money by voters in the Favorite Chef competition was not unlawful gambling within the meaning of Arizona law (Ariz. Rev. Stat. Ann. § 13-3301 (4)), state all facts that support this contention.

**<u>RESPONSE</u>: Crow Vote objects to Interrogatory No. 16 as the interrogatory seeks information protected from discovery by (a) the attorney-client privilege; and (b) the attorney work-product doctrine, and as overly broad and unduly burdensome. Crow Vote also objects to Interrogatory No. 16 because it seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence. Crow Vote also objects to this Interrogatory because it asks Crow Vote to prove a negative. Plaintiffs have the burden of proving their allegation that the Favorite Chef competition constitutes illegal gambling as they allege in the Complaint. Crow Vote further objects that this discovery would not be permitted under the Arbitration Clause of the agreement to which Plaintiffs agreed. Subject to and without waiving these objections, Crow Vote supplements its earlier response and states that the payment of money by voters to purchase on-line votes does not constitute gambling under Arizona law. Moreover, the Favorite Chef competition rules state: "ENTRANTS ARE NOT PERMITTED TO USE THEIR PERSONAL PAYMENT METHODS TO PAY FOR VOTES FOR THEMSELVES. ENTRANTS CAUGHT UTILIZING THEIR PERSONAL PAYMENT METHODS AND CASTING PAID VOTES FOR THEMSELVES MAY BE SUBJECT TO DISQUALIFICATION." The Favorite Chef terms and conditions state: "Entrants are not permitted to cast paid votes for themselves."**

17. State the IDENTITY of all persons with knowledge of the facts that support the contention that the payment of money by voters was not unlawful gambling within the meaning of Arizona law (Ariz. Rev. Stat. Ann. § 13-3301(4)).

**RESPONSE: Crow Vote objects to Interrogatory No. 17 as the interrogatory seeks information protected from discovery by (a) the attorney-client privilege; and (b) the attorney work-product doctrine, as it seeks information of the persons so engaged in such work, and as it is overly broad and unduly burdensome. Crow Vote also objects to Interrogatory No. 17 because it seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence. Crow Vote also objects to this Interrogatory because it asks Crow Vote to prove a negative. Plaintiffs have the burden of proving their allegation that the Favorite Chef competition constitutes illegal gambling as they allege in the Complaint. Crow Vote further objects that this discovery would not be permitted under the Arbitration Clause of the agreement to which Plaintiffs agreed to. Crow Vote supplements its earlier response and states that James Stipe, Esq. of Burch & Cracchiolo, P.A. and other attorneys reviewed Crow Vote LLC's business model and provided legal advice based on prior discussions with a business consultant, Alan Lobock.**

**SUPPLEMENTAL RESPONSE: Subject to and without waiving any of the objections stated in Defendants' earlier responses to Interrogatory No. 17, Crow Vote states that James Stipe has been engaged by Crow Vote as a consulting expert and may be contacted through Defendants' undersigned counsel. It is our understanding that Alan Lobock passed away on or about October 24, 2019.**

18. Fully describe all research YOU conducted concerning the legality of the Favorite Chef competition before conducting it.

**RESPONSE: Crow Vote objects to Interrogatory No. 18 as the interrogatory seeks information protected from discovery by (a) the attorney-client privilege; and (b) the**

**attorney work-product doctrine, and as it is overly broad and unduly burdensome. Crow Vote also objects to Interrogatory No. 19 because it seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence. Crow Vote further objects that this discovery would not be permitted under the Arbitration Clause of the agreement to which Plaintiffs agreed. Crow Vote supplements its earlier response and states that Alan Lobock provided an initial review of Crow Vote LLC's competition documents. That analysis was subsequently reviewed by the attorneys identified in response to Interrogatory No. 17.**

**SUPPLEMENTAL RESPONSE: Subject to and without waiving any of the objections stated in Defendants' earlier responses to Interrogatory No. 18, Crow Vote states that the research included an assessment of the legality of Crow Vote's competition model under Arizona law.**

19. State the IDENTIFY of all persons who participated in the research conducted concerning the legality of the Favorite Chef competition before conducting it.

**RESPONSE: Crow Vote objects to Interrogatory No. 19 as the interrogatory seeks information protected from discovery by (a) the attorney-client privilege; and (b) the attorney work-product doctrine. Crow Vote also objects to Interrogatory No. 19 because it seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence. Crow Vote supplements its earlier response and states that Alan Lobock provided initial review of Crow Vote LLC's competition documents. That analysis was subsequently reviewed by the attorneys identified in response to Interrogatory No. 17.**

**SUPPLEMENTAL RESPONSE: Subject to and without waiving any of the objections stated in Defendants' earlier responses to Interrogatory No. 19, Crow Vote states that Alan Lobock (deceased) provided the initial review of the business concept subsequently adopted by Crow Vote LLC. That analysis was subsequently reviewed**

**by the counsel identified in response to Interrogatory No. 17, which response is incorporated herein by reference.**

Dated: May 18, 2022

Respectfully submitted,

By: /s/ Scott J. Hyman

Scott J. Hyman
Attorney for Defendants

VERIFICATION

On Behalf of: Defendant Crow Vote LLC

By: Kristian Fasching

Title: General Counsel

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury, based on my personal knowledge and/or information supplied to me by people whom I believe or knowledgeable about that information, that the forgoing responses to Plaintiffs' Interrogatories are true and correct.

Dated: May 18, 2022

Kristian Fasching

PARTY SERVED: Plaintiffs Lisa Ward and Bridget Ward, through their attorney of record, LAKESHORE LAW CENTER, Mr. Jeffery Wilens, Esq., Macy Wilens, Esq., 18340 Yorba Linda Blvd., Suite 107-610, Yorba Linda, CA 92886; and THE SPENCER LAW FIRM, Jeffery P. Spencer, Esq., 2 Venture, Suite 220, Irvine, CA 92618.

DOCUMENT SERVED: DEFENDANT CROW VOTE LLC'S THIRD SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORIES ON DEFENDANT CROW VOTE LLC (SET ONE)
Plaintiffs Bridget Ward, et. al. v. Crow Vote LLC, et. al., United States District Court, Central District, Case No. 8: 21-CV-01110-JVS-DFMx.

**DECLARATION OF SERVICE BY MAIL AND EMAIL**

I am a citizen of the United States and a resident of Irvine, CA. I am over the age of 18 years old and not a party to this action. My business address is 19100 Von Karman Ave., Suite 700, Irvine, CA.

On May 19, 2022, I enclosed the document in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Severson & Werson's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

In addition, on the same date a courtesy copy of this document was served by email on attorneys Jeffery Wilens, Esq. (jeff@lakeshorelaw.org), and Jeffery Spencer, Esq. (jps@spencerlaw.net) via a successful email transmission.

I declare under penalty of perjury and under the laws of the State of California that the foregoing is true and correct.

Dated: May 19, 2022

Respectfully,

By:______________

Lorraine Johnson

**Favorite Chef Competition**

**Profit and Loss**

| | Total |
|---|---|
| **Income** | |
| 4000 Sales | 6,622,249.00 |
| 4110 Chargebacks Won and Lost | (86,236.00) |
| 4120 Sales Refunds | (93,501.00) |
| **Total Income** | **6,442,512.00** |

[redacted]

EXHIBIT 4 ATTACHMENT TO INTERROGATORY RESPONSES

**LAKESHORE LAW CENTER**
**Jeffrey Wilens, Esq. (State Bar No. 120371)**
**Macy Wilens, Esq. (State Bar No. 328204)**
**18340 Yorba Linda Blvd., Suite 107-610**
**Yorba Linda, CA 92886**
**714-854-7205**
**714-854-7206 (fax)**
**jeff@lakeshorelaw.org**
**macy@lakeshorelaw.org**

**THE SPENCER LAW FIRM**
**Jeffrey P. Spencer, Esq. (State Bar No. 182440)**
**2 Venture, Suite 220**
**Irvine, CA 92618**
**949-240-8595**
**949-377-3272 (fax)**
**jps@spencerlaw.net**

**Attorneys for Plaintiffs**

**UNITED STATES DISTRICT COURT,**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

| | |
|---|---|
| BRIDGET WARD AND LISA WARD, on behalf of themselves and all persons similarly situated, | ) Case No. 8:21-cv-01110-FWS-DFMx<br>)<br>) Complaint filed April 16, 2021<br>) Trial Date: February 14, 2023<br>) Pre-Trial Date: January 30, 2023 |
| Plaintiffs, | ) Discovery Cutoff:<br>) **<u>Class Action</u>** |
| v. | ) |
| CROW VOTE LLC, DARRIN AUSTIN, EDWARD MATNEY, AND DOES 1 THROUGH 100 INCLUSIVE, | ) **DECLARATION OF**<br>) **AMANDA MIKA**<br>)<br>)<br>)<br>) |
| Defendants. | ) |

TO EACH PARTY AND THEIR ATTORNEY OF RECORD:

I, AMANDA MIKA, hereby declare:

1. I am a competent adult who was identified by Defendants to be a member of the proposed class in the aforementioned lawsuit.
2. I cast paid votes in the Favorite Chef competition between February and April 2021. I paid approximately $200 for the votes.
3. I cast my votes for Romana Rovic, an acquaintance.
4. My sole purpose in paying to cast votes for the person identified in paragraph 3 was to improve her chances of winning the $50,000 cash prize and to gain publicity by being published in Bon Appétit magazine.
5. The personal benefit I got from paying money to cast votes was in the satisfaction I felt in improving the chance that this person would win the contest.
6. At the time I paid this money, I was not aware that the Favorite Chef contest violated any federal or state gambling laws. There was nothing in the material I saw published by the operators of the Favorite Chef contest that warned me the contest violated gambling laws or might be illegal.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on May 16, 2022 at Sterling Heights, Michigan.

By [signature]

**LAKESHORE LAW CENTER**
**Jeffrey Wilens, Esq. (State Bar No. 120371)**
**Macy Wilens, Esq. (State Bar No. 328204)**
**18340 Yorba Linda Blvd., Suite 107-610**
**Yorba Linda, CA 92886**
**714-854-7205**
**714-854-7206 (fax)**
**jeff@lakeshorelaw.org**
**macy@lakeshorelaw.org**

**THE SPENCER LAW FIRM**
**Jeffrey P. Spencer, Esq. (State Bar No. 182440)**
**2 Venture, Suite 220**
**Irvine, CA 92618**
**949-240-8595**
**949-377-3272 (fax)**
**jps@spencerlaw.net**

**Attorneys for Plaintiffs**

**UNITED STATES DISTRICT COURT,**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

| | |
|---|---|
| BRIDGET WARD AND LISA WARD, on behalf of themselves and all persons similarly situated, | ) Case No. 8:21-cv-01110-FWS-DFMx |
| | ) Complaint filed April 16, 2021 |
| | ) Trial Date: February 14, 2023 |
| | ) Pre-Trial Date: January 30, 2023 |
| Plaintiffs, | ) Discovery Cutoff: |
| | ) **Class Action** |
| v. | ) |
| | ) **DECLARATION OF ANGELA HELD** |
| CROW VOTE LLC, DARRIN AUSTIN, EDWARD MATNEY, AND DOES 1 THROUGH 100 INCLUSIVE, | ) |
| Defendants. | ) |

TO EACH PARTY AND THEIR ATTORNEY OF RECORD:

I, ANGELA HELD, hereby declare:

1. I am a competent adult who was identified by Defendants to be a member of the proposed class in the aforementioned lawsuit.
2. I cast paid votes in the Favorite Chef competition between February and April 2021. I paid approximately $500 for the votes.
3. I cast my votes for Robbie Held, my husband.
4. My sole purpose in paying to cast votes for the person identified in paragraph 3 was to improve her chances of winning the $50,000 cash prize and to gain publicity by being published in Bon Appétit magazine.
5. The personal benefit I got from paying money to cast votes was in the satisfaction I felt in improving the chance that this person would win the contest.
6. At the time I paid this money, I was not aware that the Favorite Chef contest violated any federal or state gambling laws. There was nothing in the material I saw published by the operators of the Favorite Chef contest that warned me the contest violated gambling laws or might be illegal.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on May 18, 2022 at Chandler, Arizona.

By ______________________

**LAKESHORE LAW CENTER**
**Jeffrey Wilens, Esq. (State Bar No. 120371)**
**Macy Wilens, Esq. (State Bar No. 328204)**
**18340 Yorba Linda Blvd., Suite 107-610**
**Yorba Linda, CA 92886**
**714-854-7205**
**714-854-7206 (fax)**
**jeff@lakeshorelaw.org**
**macy@lakeshorelaw.org**

**THE SPENCER LAW FIRM**
**Jeffrey P. Spencer, Esq. (State Bar No. 182440)**
**2 Venture, Suite 220**
**Irvine, CA 92618**
**949-240-8595**
**949-377-3272 (fax)**
**jps@spencerlaw.net**

**Attorneys for Plaintiffs**

**UNITED STATES DISTRICT COURT,**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

| | |
|---|---|
| BRIDGET WARD AND LISA WARD, on behalf of themselves and all persons similarly situated, | ) Case No. 8:21-cv-01110-FWS-DFMx |
| | ) Complaint filed April 16, 2021 |
| | ) Trial Date: February 14, 2023 |
| | ) Pre-Trial Date: January 30, 2023 |
| Plaintiffs, | ) Discovery Cutoff: |
| | ) **Class Action** |
| v. | ) |
| | ) **DECLARATION OF** |
| CROW VOTE LLC, DARRIN AUSTIN, EDWARD MATNEY, AND DOES 1 THROUGH 100 INCLUSIVE, | ) **ANTHONY FIGUEROA** |
| Defendants. | ) |

TO EACH PARTY AND THEIR ATTORNEY OF RECORD:

I, ANTHONY FIGUEROA, hereby declare:

1. I am a competent adult who was identified by Defendants to be a member of the proposed class in the aforementioned lawsuit.
2. I cast paid votes in the Favorite Chef competition between February and April 2021. I paid approximately $150 for the votes.
3. I cast my votes for Korby Benoit, my child-hood friend.
4. My sole purpose in paying to cast votes for the person identified in paragraph 3 was to improve his chances of winning the $50,000 cash prize and to gain publicity by being published in Bon Appétit magazine.
5. The personal benefit I got from paying money to cast votes was in the satisfaction I felt in improving the chance that this person would win the contest.
6. At the time I paid this money, I was not aware that the Favorite Chef contest violated any federal or state gambling laws. There was nothing in the material I saw published by the operators of the Favorite Chef contest that warned me the contest violated gambling laws or might be illegal.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on May 16, 2022 at Brooklyn, New York.

By Anthony Figueroa

**LAKESHORE LAW CENTER**
**Jeffrey Wilens, Esq. (State Bar No. 120371)**
**Macy Wilens, Esq. (State Bar No. 328204)**
**18340 Yorba Linda Blvd., Suite 107-610**
**Yorba Linda, CA 92886**
**714-854-7205**
**714-854-7206 (fax)**
**jeff@lakeshorelaw.org**
**macy@lakeshorelaw.org**

**THE SPENCER LAW FIRM**
**Jeffrey P. Spencer, Esq. (State Bar No. 182440)**
**2 Venture, Suite 220**
**Irvine, CA 92618**
**949-240-8595**
**949-377-3272 (fax)**
**jps@spencerlaw.net**

**Attorneys for Plaintiffs**

**UNITED STATES DISTRICT COURT,**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

| | |
|---|---|
| BRIDGET WARD AND LISA WARD, on behalf of themselves and all persons similarly situated, | ) Case No. 8:21-cv-01110-FWS-DFMx<br>)<br>) Complaint filed April 16, 2021<br>) Trial Date: February 14, 2023<br>) Pre-Trial Date: January 30, 2023 |
| Plaintiffs, | ) Discovery Cutoff:<br>) **Class Action** |
| v. | )<br>) **DECLARATION OF** |
| CROW VOTE LLC, DARRIN AUSTIN, EDWARD MATNEY, AND DOES 1 THROUGH 100 INCLUSIVE, | ) **CASSANDRA RAY GROSVENOR**<br>)<br>)<br>)<br>) |
| Defendants. | ) |

TO EACH PARTY AND THEIR ATTORNEY OF RECORD:

I, CASSANDRA RAY GROSVENOR, hereby declare:

1. I am a competent adult who was identified by Defendants to be a member of the proposed class in the aforementioned lawsuit.
2. I cast paid votes in the Favorite Chef competition between February and April 2021. I paid approximately $1,000 for the votes.
3. I cast my votes for Nicholas Grosvenor who is my brother.
4. My sole purpose in paying to cast votes for the person identified in paragraph 3 was to improve his chances of winning the $50,000 cash prize and to gain publicity by being published in Bon Appétit magazine.
5. The personal benefit I got from paying money to cast votes was in the satisfaction I felt in improving the chance that this person would win the contest.
6. At the time I paid this money, I was not aware that the Favorite Chef contest violated any federal or state gambling laws. There was nothing in the material I saw published by the operators of the Favorite Chef contest that warned me the contest violated gambling laws or might be illegal.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on April 29, 2022 at Atlas, Michigan.

By [signature]

**LAKESHORE LAW CENTER**
**Jeffrey Wilens, Esq. (State Bar No. 120371)**
**Macy Wilens, Esq. (State Bar No. 328204)**
**18340 Yorba Linda Blvd., Suite 107-610**
**Yorba Linda, CA 92886**
**714-854-7205**
**714-854-7206 (fax)**
**jeff@lakeshorelaw.org**
**macy@lakeshorelaw.org**

**THE SPENCER LAW FIRM**
**Jeffrey P. Spencer, Esq. (State Bar No. 182440)**
**2 Venture, Suite 220**
**Irvine, CA 92618**
**949-240-8595**
**949-377-3272 (fax)**
**jps@spencerlaw.net**

**Attorneys for Plaintiffs**

**UNITED STATES DISTRICT COURT,**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

| | |
|---|---|
| BRIDGET WARD AND LISA WARD, on behalf of themselves and all persons similarly situated, | ) Case No. 8:21-cv-01110-FWS-DFMx<br>)<br>) Complaint filed April 16, 2021<br>) Trial Date: February 14, 2023<br>) Pre-Trial Date: January 30, 2023 |
| Plaintiffs, | ) Discovery Cutoff:<br>) **<u>Class Action</u>** |
| v. | )<br>) **DECLARATION OF** |
| CROW VOTE LLC, DARRIN AUSTIN, EDWARD MATNEY, AND DOES 1 THROUGH 100 INCLUSIVE, | ) **DAVYNE VERSTANDIG**<br>)<br>)<br>)<br>) |
| Defendants. | ) |

TO EACH PARTY AND THEIR ATTORNEY OF RECORD:

I, DAVYNE VERSTANDIG, hereby declare:

1. I am a competent adult who was identified by Defendants to be a member of the proposed class in the aforementioned lawsuit.
2. I cast paid votes in the Favorite Chef competition between February and April 2021. I paid approximately $180 for the votes.
3. I cast my votes for Emerson Frisbie, my son.
4. My sole purpose in paying to cast votes for the person identified in paragraph 3 was to improve his chances of winning the $50,000 cash prize and to gain publicity by being published in Bon Appétit magazine.
5. The personal benefit I got from paying money to cast votes was in the satisfaction I felt in improving the chance that this person would win the contest.
6. At the time I paid this money, I was not aware that the Favorite Chef contest violated any federal or state gambling laws. There was nothing in the material I saw published by the operators of the Favorite Chef contest that warned me the contest violated gambling laws or might be illegal.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on April 25, 2022 at Washington, Connecticut.

By Davyne Verstandig

**LAKESHORE LAW CENTER**
**Jeffrey Wilens, Esq. (State Bar No. 120371)**
**Macy Wilens, Esq. (State Bar No. 328204)**
**18340 Yorba Linda Blvd., Suite 107-610**
**Yorba Linda, CA 92886**
**714-854-7205**
**714-854-7206 (fax)**
**jeff@lakeshorelaw.org**
**macy@lakeshorelaw.org**

**THE SPENCER LAW FIRM**
**Jeffrey P. Spencer, Esq. (State Bar No. 182440)**
**2 Venture, Suite 220**
**Irvine, CA 92618**
**949-240-8595**
**949-377-3272 (fax)**
**jps@spencerlaw.net**

**Attorneys for Plaintiffs**

**UNITED STATES DISTRICT COURT,**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

| | |
|---|---|
| BRIDGET WARD AND LISA WARD, on behalf of themselves and all persons similarly situated, | ) Case No. 8:21-cv-01110-FWS-DFMx |
| | ) Complaint filed April 16, 2021 |
| | ) Trial Date: February 14, 2023 |
| | ) Pre-Trial Date: January 30, 2023 |
| Plaintiffs, | ) Discovery Cutoff: |
| | ) **Class Action** |
| v. | ) |
| | ) **DECLARATION OF DESIREE YAMBER** |
| CROW VOTE LLC, DARRIN AUSTIN, EDWARD MATNEY, AND DOES 1 THROUGH 100 INCLUSIVE, | ) |
| Defendants. | ) |

TO EACH PARTY AND THEIR ATTORNEY OF RECORD:

I, DESIREE YAMBER, hereby declare:

1. I am a competent adult who was identified by Defendants to be a member of the proposed class in the aforementioned lawsuit.
2. I cast paid votes in the Favorite Chef competition between February and April 2021. I paid approximately $600 for the votes.
3. At the time I paid for votes, I was using my maiden name, Desiree Martin.
4. I cast my votes for George T. Martin III, my son.
5. My sole purpose in paying to cast votes for the person identified in paragraph 3 was to improve his chances of winning the $50,000 cash prize and to gain publicity by being published in Bon Appétit magazine.
6. The personal benefit I got from paying money to cast votes was in the satisfaction I felt in improving the chance that this person would win the contest.
7. At the time I paid this money, I was not aware that the Favorite Chef contest violated any federal or state gambling laws. There was nothing in the material I saw published by the operators of the Favorite Chef contest that warned me the contest violated gambling laws or might be illegal.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on April 29, 2022 at Pompano Beach, Florida.

By Desiree L. Yamber

**LAKESHORE LAW CENTER**
**Jeffrey Wilens, Esq. (State Bar No. 120371)**
**Macy Wilens, Esq. (State Bar No. 328204)**
**18340 Yorba Linda Blvd., Suite 107-610**
**Yorba Linda, CA 92886**
**714-854-7205**
**714-854-7206 (fax)**
**jeff@lakeshorelaw.org**
**macy@lakeshorelaw.org**

**THE SPENCER LAW FIRM**
**Jeffrey P. Spencer, Esq. (State Bar No. 182440)**
**2 Venture, Suite 220**
**Irvine, CA 92618**
**949-240-8595**
**949-377-3272 (fax)**
**jps@spencerlaw.net**

**Attorneys for Plaintiffs**

**UNITED STATES DISTRICT COURT,**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

| | |
|---|---|
| BRIDGET WARD AND LISA WARD, on behalf of themselves and all persons similarly situated, | ) Case No. 8:21-cv-01110-FWS-DFMx |
| | ) Complaint filed April 16, 2021 |
| | ) Trial Date: February 14, 2023 |
| | ) Pre-Trial Date: January 30, 2023 |
| Plaintiffs, | ) Discovery Cutoff: |
| | ) **Class Action** |
| v. | ) |
| | ) **DECLARATION OF** |
| CROW VOTE LLC, DARRIN AUSTIN, EDWARD MATNEY, AND DOES 1 THROUGH 100 INCLUSIVE, | ) **DIANE PIOTROWSKI** |
| Defendants. | ) |

TO EACH PARTY AND THEIR ATTORNEY OF RECORD:

I, DIANE PIOTROWSKI, hereby declare:

1. I am a competent adult who was identified by Defendants to be a member of the proposed class in the aforementioned lawsuit.

2. I cast paid votes in the Favorite Chef competition between February and April 2021. I paid approximately $100 for the votes.

3. I cast my votes for Henry Piotrowski, my husband.

4. My sole purpose in paying to cast votes for the person identified in paragraph 3 was to improve his chances of winning the $50,000 cash prize and to gain publicity by being published in Bon Appétit magazine.

5. The personal benefit I got from paying money to cast votes was in the satisfaction I felt in improving the chance that this person would win the contest.

6. At the time I paid this money, I was not aware that the Favorite Chef contest violated any federal or state gambling laws. There was nothing in the material I saw published by the operators of the Favorite Chef contest that warned me the contest violated gambling laws or might be illegal.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on May 16, 2022 at Shamong, New Jersey.

By Diane Piotrowski

**LAKESHORE LAW CENTER**
**Jeffrey Wilens, Esq. (State Bar No. 120371)**
**Macy Wilens, Esq. (State Bar No. 328204)**
**18340 Yorba Linda Blvd., Suite 107-610**
**Yorba Linda, CA 92886**
**714-854-7205**
**714-854-7206 (fax)**
**jeff@lakeshorelaw.org**
**macy@lakeshorelaw.org**

**THE SPENCER LAW FIRM**
**Jeffrey P. Spencer, Esq. (State Bar No. 182440)**
**2 Venture, Suite 220**
**Irvine, CA 92618**
**949-240-8595**
**949-377-3272 (fax)**
**jps@spencerlaw.net**

**Attorneys for Plaintiffs**

**UNITED STATES DISTRICT COURT,**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

| | |
|---|---|
| BRIDGET WARD AND LISA WARD, on behalf of themselves and all persons similarly situated, | ) Case No. 8:21-cv-01110-FWS-DFMx |
| | ) Complaint filed April 16, 2021 |
| | ) Trial Date: February 14, 2023 |
| | ) Pre-Trial Date: January 30, 2023 |
| Plaintiffs, | ) Discovery Cutoff: |
| | ) **Class Action** |
| v. | ) |
| | ) **DECLARATION OF ELIZABETH CASE** |
| CROW VOTE LLC, DARRIN AUSTIN, EDWARD MATNEY, AND DOES 1 THROUGH 100 INCLUSIVE, | ) |
| Defendants. | ) |

TO EACH PARTY AND THEIR ATTORNEY OF RECORD:

I, ELIZABETH CASE, hereby declare:

1. I am a competent adult who was identified by Defendants to be a member of the proposed class in the aforementioned lawsuit.
2. I cast paid votes in the Favorite Chef competition between February and April 2021. I paid approximately $200 for the votes.
3. I cast my votes for William Farrington, my husband.
4. My sole purpose in paying to cast votes for the person identified in paragraph 3 was to improve his chances of winning the $50,000 cash prize and to gain publicity by being published in Bon Appétit magazine.
5. The personal benefit I got from paying money to cast votes was in the satisfaction I felt in improving the chance that this person would win the contest.
6. At the time I paid this money, I was not aware that the Favorite Chef contest violated any federal or state gambling laws. There was nothing in the material I saw published by the operators of the Favorite Chef contest that warned me the contest violated gambling laws or might be illegal.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on April 25, 2022 at Santa Rosa Beach, Florida.

By Elizabeth Case Liz Case

**LAKESHORE LAW CENTER**
**Jeffrey Wilens, Esq. (State Bar No. 120371)**
**Macy Wilens, Esq. (State Bar No. 328204)**
**18340 Yorba Linda Blvd., Suite 107-610**
**Yorba Linda, CA 92886**
**714-854-7205**
**714-854-7206 (fax)**
**jeff@lakeshorelaw.org**
**macy@lakeshorelaw.org**

**THE SPENCER LAW FIRM**
**Jeffrey P. Spencer, Esq. (State Bar No. 182440)**
**2 Venture, Suite 220**
**Irvine, CA 92618**
**949-240-8595**
**949-377-3272 (fax)**
**jps@spencerlaw.net**

**Attorneys for Plaintiffs**

**UNITED STATES DISTRICT COURT,**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

| | |
|---|---|
| BRIDGET WARD AND LISA WARD, on behalf of themselves and all persons similarly situated, | ) Case No. 8:21-cv-01110-FWS-DFMx |
| | ) Complaint filed April 16, 2021 |
| | ) Trial Date: February 14, 2023 |
| | ) Pre-Trial Date: January 30, 2023 |
| Plaintiffs, | ) Discovery Cutoff: |
| | ) **<u>Class Action</u>** |
| v. | ) |
| | ) **DECLARATION OF GEORGE MAYER** |
| CROW VOTE LLC, DARRIN AUSTIN, EDWARD MATNEY, AND DOES 1 THROUGH 100 INCLUSIVE, | ) |
| Defendants. | ) |

TO EACH PARTY AND THEIR ATTORNEY OF RECORD:

I, GEORGE MAYER, hereby declare:

1. I am a competent adult who was identified by Defendants to be a member of the proposed class in the aforementioned lawsuit.
2. I cast paid votes in the Favorite Chef competition between February and April 2021. I paid approximately $5,000 for the votes.
3. I cast my votes for Gina Leonaggeo, my friend.
4. My sole purpose in paying to cast votes for the person identified in paragraph 3 was to improve her chances of winning the $50,000 cash prize and to gain publicity by being published in Bon Appétit magazine.
5. The personal benefit I got from paying money to cast votes was in the satisfaction I felt in improving the chance that this person would win the contest.
6. At the time I paid this money, I was not aware that the Favorite Chef contest violated any federal or state gambling laws. There was nothing in the material I saw published by the operators of the Favorite Chef contest that warned me the contest violated gambling laws or might be illegal.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on April 26, 2022 at Poughkeepsie, New York.

By George R Mayer

**LAKESHORE LAW CENTER**
**Jeffrey Wilens, Esq. (State Bar No. 120371)**
**Macy Wilens, Esq. (State Bar No. 328204)**
**18340 Yorba Linda Blvd., Suite 107-610**
**Yorba Linda, CA 92886**
**714-854-7205**
**714-854-7206 (fax)**
**jeff@lakeshorelaw.org**
**macy@lakeshorelaw.org**

**THE SPENCER LAW FIRM**
**Jeffrey P. Spencer, Esq. (State Bar No. 182440)**
**2 Venture, Suite 220**
**Irvine, CA 92618**
**949-240-8595**
**949-377-3272 (fax)**
**jps@spencerlaw.net**

**Attorneys for Plaintiffs**

**UNITED STATES DISTRICT COURT,**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

| | |
|---|---|
| BRIDGET WARD AND LISA WARD, on behalf of themselves and all persons similarly situated, | ) Case No. 8:21-cv-01110-FWS-DFMx<br>)<br>) Complaint filed April 16, 2021<br>) Trial Date: February 14, 2023<br>) Pre-Trial Date: January 30, 2023 |
| Plaintiffs, | ) Discovery Cutoff:<br>) **Class Action** |
| v. | )<br>) **DECLARATION OF** |
| CROW VOTE LLC, DARRIN AUSTIN, EDWARD MATNEY, AND DOES 1 THROUGH 100 INCLUSIVE, | ) **JAMES COWART**<br>)<br>)<br>)<br>) |
| Defendants. | ) |

TO EACH PARTY AND THEIR ATTORNEY OF RECORD:

I, JAMES COWART, hereby declare:

1. I am a competent adult who was identified by Defendants to be a member of the proposed class in the aforementioned lawsuit.
2. I cast paid votes in the Favorite Chef competition between February and April 2021. I paid approximately $160 for the votes.
3. I cast my votes for Ahtiyah Wilson.
4. My sole purpose in paying to cast votes for the person identified in paragraph 3 was to improve his/her chances of winning the $50,000 cash prize and to gain publicity by being published in Bon Appétit magazine.
5. The personal benefit I got from paying money to cast votes was in the satisfaction I felt in improving the chance that this person would win the contest.
6. At the time I paid this money, I was not aware that the Favorite Chef contest violated any federal or state gambling laws. There was nothing in the material I saw published by the operators of the Favorite Chef contest that warned me the contest violated gambling laws or might be illegal.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on April 26, 2022 at Parlin, New Jersey.

By ______________________

**LAKESHORE LAW CENTER**
**Jeffrey Wilens, Esq. (State Bar No. 120371)**
**Macy Wilens, Esq. (State Bar No. 328204)**
**18340 Yorba Linda Blvd., Suite 107-610**
**Yorba Linda, CA 92886**
**714-854-7205**
**714-854-7206 (fax)**
**jeff@lakeshorelaw.org**
**macy@lakeshorelaw.org**

**THE SPENCER LAW FIRM**
**Jeffrey P. Spencer, Esq. (State Bar No. 182440)**
**2 Venture, Suite 220**
**Irvine, CA 92618**
**949-240-8595**
**949-377-3272 (fax)**
**jps@spencerlaw.net**

**Attorneys for Plaintiffs**

**UNITED STATES DISTRICT COURT,**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

| | |
|---|---|
| BRIDGET WARD AND LISA WARD, on behalf of themselves and all persons similarly situated, | ) Case No. 8:21-cv-01110-FWS-DFMx |
| | ) Complaint filed April 16, 2021 |
| | ) Trial Date: February 14, 2023 |
| | ) Pre-Trial Date: January 30, 2023 |
| Plaintiffs, | ) Discovery Cutoff: |
| | ) **Class Action** |
| v. | ) |
| | ) **DECLARATION OF JESSIE BODINGTON** |
| CROW VOTE LLC, DARRIN AUSTIN, EDWARD MATNEY, AND DOES 1 THROUGH 100 INCLUSIVE, | ) |
| Defendants. | ) |

TO EACH PARTY AND THEIR ATTORNEY OF RECORD:

I, JESSIE BODINGTON, hereby declare:

1. I am a competent adult who was identified by Defendants to be a member of the proposed class in the aforementioned lawsuit.
2. I cast paid votes in the Favorite Chef competition between February and April 2021. I paid approximately $220 for the votes.
3. I cast my votes for David Pottie, my friend.
4. My sole purpose in paying to cast votes for the person identified in paragraph 3 was to improve his chances of winning the $50,000 cash prize and to gain publicity by being published in Bon Appétit magazine.
5. The personal benefit I got from paying money to cast votes was in the satisfaction I felt in improving the chance that this person would win the contest.
6. At the time I paid this money, I was not aware that the Favorite Chef contest violated any federal or state gambling laws. There was nothing in the material I saw published by the operators of the Favorite Chef contest that warned me the contest violated gambling laws or might be illegal.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on April 25, 2022 at Norwhich, Connecticut.

By Jessie Bodington

**LAKESHORE LAW CENTER**
**Jeffrey Wilens, Esq. (State Bar No. 120371)**
**Macy Wilens, Esq. (State Bar No. 328204)**
**18340 Yorba Linda Blvd., Suite 107-610**
**Yorba Linda, CA 92886**
**714-854-7205**
**714-854-7206 (fax)**
**jeff@lakeshorelaw.org**
**macy@lakeshorelaw.org**

**THE SPENCER LAW FIRM**
**Jeffrey P. Spencer, Esq. (State Bar No. 182440)**
**2 Venture, Suite 220**
**Irvine, CA 92618**
**949-240-8595**
**949-377-3272 (fax)**
**jps@spencerlaw.net**

**Attorneys for Plaintiffs**

**UNITED STATES DISTRICT COURT,**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

| | |
|---|---|
| BRIDGET WARD AND LISA WARD, on behalf of themselves and all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CROW VOTE LLC, DARRIN AUSTIN, EDWARD MATNEY, AND DOES 1 THROUGH 100 INCLUSIVE,<br><br>Defendants. | ) Case No. 8:21-cv-01110-FWS-DFMx<br>)<br>) Complaint filed April 16, 2021<br>) Trial Date: February 14, 2023<br>) Pre-Trial Date: January 30, 2023<br>) Discovery Cutoff:<br>) **Class Action**<br>)<br>) **DECLARATION OF**<br>) **JOANNE SCHIHL** |

TO EACH PARTY AND THEIR ATTORNEY OF RECORD:

I, JOANNE SCHIHL, hereby declare:

1. I am a competent adult who was identified by Defendants to be a member of the proposed class in the aforementioned lawsuit.
2. I cast paid votes in the Favorite Chef competition between February and April 2021. I paid approximately $100 for the votes.
3. I cast my votes for Jonathan Schihl, my son.
4. My sole purpose in paying to cast votes for the person identified in paragraph 3 was to improve his chances of winning the $50,000 cash prize and to gain publicity by being published in Bon Appétit magazine.
5. The personal benefit I got from paying money to cast votes was in the satisfaction I felt in improving the chance that this person would win the contest.
6. At the time I paid this money, I was not aware that the Favorite Chef contest violated any federal or state gambling laws. There was nothing in the material I saw published by the operators of the Favorite Chef contest that warned me the contest violated gambling laws or might be illegal.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on May 19, 2022 at Chesapeake, Virginia.

By *Joanne Schihl*

**LAKESHORE LAW CENTER**
**Jeffrey Wilens, Esq. (State Bar No. 120371)**
**Macy Wilens, Esq. (State Bar No. 328204)**
**18340 Yorba Linda Blvd., Suite 107-610**
**Yorba Linda, CA 92886**
**714-854-7205**
**714-854-7206 (fax)**
**jeff@lakeshorelaw.org**
**macy@lakeshorelaw.org**

**THE SPENCER LAW FIRM**
**Jeffrey P. Spencer, Esq. (State Bar No. 182440)**
**2 Venture, Suite 220**
**Irvine, CA 92618**
**949-240-8595**
**949-377-3272 (fax)**
**jps@spencerlaw.net**

**Attorneys for Plaintiffs**

**UNITED STATES DISTRICT COURT,**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

| | |
|---|---|
| BRIDGET WARD AND LISA WARD, on behalf of themselves and all persons similarly situated, | ) Case No. 8:21-cv-01110-FWS-DFMx |
| | ) Complaint filed April 16, 2021 |
| | ) Trial Date: February 14, 2023 |
| | ) Pre-Trial Date: January 30, 2023 |
| Plaintiffs, | ) Discovery Cutoff: |
| | ) **Class Action** |
| v. | ) |
| | ) **DECLARATION OF KARRI LOUD** |
| CROW VOTE LLC, DARRIN AUSTIN, EDWARD MATNEY, AND DOES 1 THROUGH 100 INCLUSIVE, | ) |
| Defendants. | ) |

TO EACH PARTY AND THEIR ATTORNEY OF RECORD:

I, KARRI LOUD, hereby declare:

1. I am a competent adult who was identified by Defendants to be a member of the proposed class in the aforementioned lawsuit.
2. I cast paid votes in the Favorite Chef competition between February and April 2021. I paid approximately $100 for the votes.
3. I cast my votes for Brandon King, a work colleague.
4. My sole purpose in paying to cast votes for the person identified in paragraph 3 was to improve his chances of winning the $50,000 cash prize and to gain publicity by being published in Bon Appétit magazine.
5. The personal benefit I got from paying money to cast votes was in the satisfaction I felt in improving the chance that this person would win the contest.
6. At the time I paid this money, I was not aware that the Favorite Chef contest violated any federal or state gambling laws. There was nothing in the material I saw published by the operators of the Favorite Chef contest that warned me the contest violated gambling laws or might be illegal.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on April 25, 2022 at Stockton, California.

By ______________________

LAKESHORE LAW CENTER
Jeffrey Wilens, Esq. (State Bar No. 120371)
Macy Wilens, Esq. (State Bar No. 328204)
18340 Yorba Linda Blvd., Suite 107-610
Yorba Linda, CA 92886
714-854-7205
714-854-7206 (fax)
jeff@lakeshorelaw.org
macy@lakeshorelaw.org

THE SPENCER LAW FIRM
Jeffrey P. Spencer, Esq. (State Bar No. 182440)
2 Venture, Suite 220
Irvine, CA 92618
949-240-8595
949-377-3272 (fax)
jps@spencerlaw.net

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT,

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| BRIDGET WARD AND LISA WARD, on behalf of themselves and all persons similarly situated, | ) Case No. 8:21-cv-01110-FWS-DFMx |
| | ) Complaint filed April 16, 2021 |
| | ) Trial Date: February 14, 2023 |
| | ) Pre-Trial Date: January 30, 2023 |
| Plaintiffs, | ) Discovery Cutoff: |
| | ) **Class Action** |
| v. | ) |
| | ) **DECLARATION OF KIMBERLY RODRIGUEZ** |
| CROW VOTE LLC, DARRIN AUSTIN, EDWARD MATNEY, AND DOES 1 THROUGH 100 INCLUSIVE, | ) |
| Defendants. | ) |

TO EACH PARTY AND THEIR ATTORNEY OF RECORD:

I, KIMBERLY RODRIGUEZ, hereby declare:

1. I am a competent adult who was identified by Defendants to be a member of the proposed class in the aforementioned lawsuit.
2. I cast paid votes in the Favorite Chef competition between February and April 2021. I paid approximately $205 for the votes.
3. I cast my votes for Dwayne Watkins, an old friend and community member.
4. My sole purpose in paying to cast votes for the person identified in paragraph 3 was to improve his chances of winning the $50,000 cash prize and to gain publicity by being published in Bon Appétit magazine.
5. The personal benefit I got from paying money to cast votes was in the satisfaction I felt in improving the chance that this person would win the contest.
6. At the time I paid this money, I was not aware that the Favorite Chef contest violated any federal or state gambling laws. There was nothing in the material I saw published by the operators of the Favorite Chef contest that warned me the contest violated gambling laws or might be illegal.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on April 29, 2022 at Wallingford, Connecticut.

By Kimberly Rodriguez

**LAKESHORE LAW CENTER**
**Jeffrey Wilens, Esq. (State Bar No. 120371)**
**Macy Wilens, Esq. (State Bar No. 328204)**
**18340 Yorba Linda Blvd., Suite 107-610**
**Yorba Linda, CA 92886**
**714-854-7205**
**714-854-7206 (fax)**
**jeff@lakeshorelaw.org**
**macy@lakeshorelaw.org**

**THE SPENCER LAW FIRM**
**Jeffrey P. Spencer, Esq. (State Bar No. 182440)**
**2 Venture, Suite 220**
**Irvine, CA 92618**
**949-240-8595**
**949-377-3272 (fax)**
**jps@spencerlaw.net**

**Attorneys for Plaintiffs**

**UNITED STATES DISTRICT COURT,**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

| | |
|---|---|
| BRIDGET WARD AND LISA WARD, on behalf of themselves and all persons similarly situated, | ) Case No. 8:21-cv-01110-FWS-DFMx<br>)<br>) Complaint filed April 16, 2021<br>) Trial Date: February 14, 2023<br>) Pre-Trial Date: January 30, 2023 |
| Plaintiffs, | ) Discovery Cutoff:<br>) **Class Action** |
| v. | )<br>) **DECLARATION OF** |
| CROW VOTE LLC, DARRIN AUSTIN, EDWARD MATNEY, AND DOES 1 THROUGH 100 INCLUSIVE, | ) **LISA PRESLEY**<br>)<br>)<br>)<br>) |
| Defendants. | ) |

TO EACH PARTY AND THEIR ATTORNEY OF RECORD:

I, LISA PRESLEY, hereby declare:

1. I am a competent adult who was identified by Defendants to be a member of the proposed class in the aforementioned lawsuit.
2. I cast paid votes in the Favorite Chef competition between February and April 2021. I paid approximately $110 for the votes.
3. I cast my votes for Keith Ross, my brother-in-law.
4. My sole purpose in paying to cast votes for the person identified in paragraph 3 was to improve his chances of winning the $50,000 cash prize and to gain publicity by being published in Bon Appétit magazine.
5. The personal benefit I got from paying money to cast votes was in the satisfaction I felt in improving the chance that this person would win the contest.
6. At the time I paid this money, I was not aware that the Favorite Chef contest violated any federal or state gambling laws. There was nothing in the material I saw published by the operators of the Favorite Chef contest that warned me the contest violated gambling laws or might be illegal.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on May 16, 2022 at Vancouver, Washington.

By [signature] ____________________

**LAKESHORE LAW CENTER**
**Jeffrey Wilens, Esq. (State Bar No. 120371)**
**Macy Wilens, Esq. (State Bar No. 328204)**
**18340 Yorba Linda Blvd., Suite 107-610**
**Yorba Linda, CA 92886**
**714-854-7205**
**714-854-7206 (fax)**
**jeff@lakeshorelaw.org**
**macy@lakeshorelaw.org**

**THE SPENCER LAW FIRM**
**Jeffrey P. Spencer, Esq. (State Bar No. 182440)**
**2 Venture, Suite 220**
**Irvine, CA 92618**
**949-240-8595**
**949-377-3272 (fax)**
**jps@spencerlaw.net**

**Attorneys for Plaintiffs**

**UNITED STATES DISTRICT COURT,**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

| | |
|---|---|
| BRIDGET WARD AND LISA WARD, on behalf of themselves and all persons similarly situated, | ) Case No. 8:21-cv-01110-FWS-DFMx |
| | ) Complaint filed April 16, 2021 |
| | ) Trial Date: February 14, 2023 |
| | ) Pre-Trial Date: January 30, 2023 |
| Plaintiffs, | ) Discovery Cutoff: |
| | ) **Class Action** |
| v. | ) |
| | ) **DECLARATION OF LISA VO** |
| CROW VOTE LLC, DARRIN AUSTIN, EDWARD MATNEY, AND DOES 1 THROUGH 100 INCLUSIVE, | ) |
| Defendants. | ) |

TO EACH PARTY AND THEIR ATTORNEY OF RECORD:

I, LISA VO, hereby declare:

1. I am a competent adult who was identified by Defendants to be a member of the proposed class in the aforementioned lawsuit.
2. I cast paid votes in the Favorite Chef competition between February and April 2021. I paid approximately $775 for the votes.
3. I cast my votes for Risa Kesselman, my friend.
4. My sole purpose in paying to cast votes for the person identified in paragraph 3 was to improve her chances of winning the $50,000 cash prize and to gain publicity by being published in Bon Appétit magazine.
5. The personal benefit I got from paying money to cast votes was in the satisfaction I felt in improving the chance that this person would win the contest.
6. At the time I paid this money, I was not aware that the Favorite Chef contest violated any federal or state gambling laws. There was nothing in the material I saw published by the operators of the Favorite Chef contest that warned me the contest violated gambling laws or might be illegal.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on May 19, 2022 at North Las Vegas, Nevada.

By ______________________

**LAKESHORE LAW CENTER**
**Jeffrey Wilens, Esq. (State Bar No. 120371)**
**Macy Wilens, Esq. (State Bar No. 328204)**
**18340 Yorba Linda Blvd., Suite 107-610**
**Yorba Linda, CA 92886**
**714-854-7205**
**714-854-7206 (fax)**
**jeff@lakeshorelaw.org**
**macy@lakeshorelaw.org**

**THE SPENCER LAW FIRM**
**Jeffrey P. Spencer, Esq. (State Bar No. 182440)**
**2 Venture, Suite 220**
**Irvine, CA 92618**
**949-240-8595**
**949-377-3272 (fax)**
**jps@spencerlaw.net**

**Attorneys for Plaintiffs**

**UNITED STATES DISTRICT COURT,**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

| | |
|---|---|
| BRIDGET WARD AND LISA WARD, on behalf of themselves and all persons similarly situated, | ) Case No. 8:21-cv-01110-FWS-DFMx<br>)<br>) Complaint filed April 16, 2021<br>) Trial Date: February 14, 2023<br>) Pre-Trial Date: January 30, 2023 |
| Plaintiffs, | ) Discovery Cutoff:<br>) **<u>Class Action</u>** |
| v. | )<br>) **DECLARATION OF** |
| CROW VOTE LLC, DARRIN AUSTIN, EDWARD MATNEY, AND DOES 1 THROUGH 100 INCLUSIVE, | ) **OTTO WILLIAM WALLENMEYER**<br>)<br>)<br>)<br>) |
| Defendants. | ) |

TO EACH PARTY AND THEIR ATTORNEY OF RECORD:

I, OTTO WILLIAM WALLENMEYER, hereby declare:

1. I am a competent adult who was identified by Defendants to be a member of the proposed class in the aforementioned lawsuit.
2. I cast paid votes in the Favorite Chef competition between February and April 2021. I paid $240 for the votes.
3. I cast my votes for Arden Campbell, one of my friends.
4. My sole purpose in paying to cast votes for the person identified in paragraph 3 was to improve his chances of winning the $50,000 cash prize and to gain publicity by being published in Bon Appétit magazine.
5. The personal benefit I got from paying money to cast votes was in the satisfaction I felt in improving the chance that this person would win the contest.
6. At the time I paid this money, I was not aware that the Favorite Chef contest violated any federal or state gambling laws. There was nothing in the material I saw published by the operators of the Favorite Chef contest that warned me the contest violated gambling laws or might be illegal.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on April 23, 2022 at Harrisburg, Pennsylvania.

By ______________________________

**LAKESHORE LAW CENTER**
**Jeffrey Wilens, Esq. (State Bar No. 120371)**
**Macy Wilens, Esq. (State Bar No. 328204)**
**18340 Yorba Linda Blvd., Suite 107-610**
**Yorba Linda, CA 92886**
**714-854-7205**
**714-854-7206 (fax)**
**jeff@lakeshorelaw.org**
**macy@lakeshorelaw.org**

**THE SPENCER LAW FIRM**
**Jeffrey P. Spencer, Esq. (State Bar No. 182440)**
**2 Venture, Suite 220**
**Irvine, CA 92618**
**949-240-8595**
**949-377-3272 (fax)**
**jps@spencerlaw.net**

**Attorneys for Plaintiffs**

**UNITED STATES DISTRICT COURT,**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

| | |
|---|---|
| BRIDGET WARD AND LISA WARD, on behalf of themselves and all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CROW VOTE LLC, DARRIN AUSTIN, EDWARD MATNEY, AND DOES 1 THROUGH 100 INCLUSIVE,<br><br>Defendants. | Case No. 8:21-cv-01110-FWS-DFMx<br><br>Complaint filed April 16, 2021<br>Trial Date: February 14, 2023<br>Pre-Trial Date: January 30, 2023<br>Discovery Cutoff:<br>**Class Action**<br><br>**DECLARATION OF ROBERT JONES** |

TO EACH PARTY AND THEIR ATTORNEY OF RECORD:

I, ROBERT JONES, hereby declare:

1. I am a competent adult who was identified by Defendants to be a member of the proposed class in the aforementioned lawsuit.
2. I cast paid votes in the Favorite Chef competition between February and April 2021. I paid approximately $175 for the votes.
3. I cast my votes for Jessica Jones, my daughter.
4. My sole purpose in paying to cast votes for the person identified in paragraph 3 was to improve her chances of winning the $50,000 cash prize and to gain publicity by being published in Bon Appétit magazine.
5. The personal benefit I got from paying money to cast votes was in the satisfaction I felt in improving the chance that this person would win the contest.
6. At the time I paid this money, I was not aware that the Favorite Chef contest violated any federal or state gambling laws. There was nothing in the material I saw published by the operators of the Favorite Chef contest that warned me the contest violated gambling laws or might be illegal.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on April 29, 2022 at Edgewater, Florida.

By Robert Jones

**LAKESHORE LAW CENTER**
**Jeffrey Wilens, Esq. (State Bar No. 120371)**
**Macy Wilens, Esq. (State Bar No. 328204)**
**18340 Yorba Linda Blvd., Suite 107-610**
**Yorba Linda, CA 92886**
**714-854-7205**
**714-854-7206 (fax)**
**jeff@lakeshorelaw.org**
**macy@lakeshorelaw.org**

**THE SPENCER LAW FIRM**
**Jeffrey P. Spencer, Esq. (State Bar No. 182440)**
**2 Venture, Suite 220**
**Irvine, CA 92618**
**949-240-8595**
**949-377-3272 (fax)**
**jps@spencerlaw.net**

**Attorneys for Plaintiffs**

**UNITED STATES DISTRICT COURT,**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

| | |
|---|---|
| BRIDGET WARD AND LISA WARD, on behalf of themselves and all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CROW VOTE LLC, DARRIN AUSTIN, EDWARD MATNEY, AND DOES 1 THROUGH 100 INCLUSIVE,<br><br>Defendants. | ) Case No. 8:21-cv-01110-FWS-DFMx<br>)<br>) Complaint filed April 16, 2021<br>) Trial Date: February 14, 2023<br>) Pre-Trial Date: January 30, 2023<br>) Discovery Cutoff:<br>) **<u>Class Action</u>**<br>)<br>) **DECLARATION OF**<br>) **ROBERT MCHALE** |

TO EACH PARTY AND THEIR ATTORNEY OF RECORD:

I, ROBERT MCHALE, hereby declare:

1. I am a competent adult who was identified by Defendants to be a member of the proposed class in the aforementioned lawsuit.
2. I cast paid votes in the Favorite Chef competition between February and April 2021. I paid approximately $195 for the votes.
3. I cast my votes for Layla Jones, my best friend.
4. My sole purpose in paying to cast votes for the person identified in paragraph 3 was to improve her chances of winning the $50,000 cash prize and to gain publicity by being published in Bon Appétit magazine.
5. The personal benefit I got from paying money to cast votes was in the satisfaction I felt in improving the chance that this person would win the contest.
6. At the time I paid this money, I was not aware that the Favorite Chef contest violated any federal or state gambling laws. There was nothing in the material I saw published by the operators of the Favorite Chef contest that warned me the contest violated gambling laws or might be illegal.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on April 24, 2022 at Lake Charles, Louisiana.

By ______________________

**LAKESHORE LAW CENTER**
**Jeffrey Wilens, Esq. (State Bar No. 120371)**
**Macy Wilens, Esq. (State Bar No. 328204)**
**18340 Yorba Linda Blvd., Suite 107-610**
**Yorba Linda, CA 92886**
**714-854-7205**
**714-854-7206 (fax)**
**jeff@lakeshorelaw.org**
**macy@lakeshorelaw.org**

**THE SPENCER LAW FIRM**
**Jeffrey P. Spencer, Esq. (State Bar No. 182440)**
**2 Venture, Suite 220**
**Irvine, CA 92618**
**949-240-8595**
**949-377-3272 (fax)**
**jps@spencerlaw.net**

**Attorneys for Plaintiffs**

**UNITED STATES DISTRICT COURT,**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

| | |
|---|---|
| BRIDGET WARD AND LISA WARD, on behalf of themselves and all persons similarly situated, | Case No. 8:21-cv-01110-FWS-DFMx |
| | Complaint filed April 16, 2021 |
| | Trial Date: February 14, 2023 |
| | Pre-Trial Date: January 30, 2023 |
| Plaintiffs, | Discovery Cutoff: |
| | **Class Action** |
| v. | |
| | **DECLARATION OF ROGER AGUAS JR.** |
| CROW VOTE LLC, DARRIN AUSTIN, EDWARD MATNEY, AND DOES 1 THROUGH 100 INCLUSIVE, | |
| Defendants. | |

TO EACH PARTY AND THEIR ATTORNEY OF RECORD:

I, ROGER AGUAS JR., hereby declare:

1. I am a competent adult who was identified by Defendants to be a member of the proposed class in the aforementioned lawsuit.
2. I cast paid votes in the Favorite Chef competition between February and April 2021. I paid approximately $8,600 for the votes.
3. I cast my votes for my son Rudy Aguas.
4. My sole purpose in paying to cast votes for the person identified in paragraph 3 was to improve his chances of winning the $50,000 cash prize and to gain publicity by being published in Bon Appétit magazine.
5. The personal benefit I got from paying money to cast votes was in the satisfaction I felt in improving the chance that this person would win the contest.
6. At the time I paid this money, I was not aware that the Favorite Chef contest violated any federal or state gambling laws. There was nothing in the material I saw published by the operators of the Favorite Chef contest that warned me the contest violated gambling laws or might be illegal.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on May 11, 2022 at Las Vegas, Nevada.

By ______________________

**LAKESHORE LAW CENTER**
**Jeffrey Wilens, Esq. (State Bar No. 120371)**
**Macy Wilens, Esq. (State Bar No. 328204)**
**18340 Yorba Linda Blvd., Suite 107-610**
**Yorba Linda, CA 92886**
**714-854-7205**
**714-854-7206 (fax)**
**jeff@lakeshorelaw.org**
**macy@lakeshorelaw.org**

**THE SPENCER LAW FIRM**
**Jeffrey P. Spencer, Esq. (State Bar No. 182440)**
**2 Venture, Suite 220**
**Irvine, CA 92618**
**949-240-8595**
**949-377-3272 (fax)**
**jps@spencerlaw.net**

**Attorneys for Plaintiffs**

**UNITED STATES DISTRICT COURT,**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

| | |
|---|---|
| BRIDGET WARD AND LISA WARD, on behalf of themselves and all persons similarly situated, | ) Case No. 8:21-cv-01110-FWS-DFMx |
| | ) Complaint filed April 16, 2021 |
| | ) Trial Date: February 14, 2023 |
| | ) Pre-Trial Date: January 30, 2023 |
| Plaintiffs, | ) Discovery Cutoff: |
| | ) **Class Action** |
| v. | ) |
| | ) **DECLARATION OF VALENTINA ABDALMAJEED** |
| CROW VOTE LLC, DARRIN AUSTIN, EDWARD MATNEY, AND DOES 1 THROUGH 100 INCLUSIVE, | ) |
| Defendants. | ) |

TO EACH PARTY AND THEIR ATTORNEY OF RECORD:

I, VALENTINA ABDALMAJEED, hereby declare:

1. I am a competent adult who was identified by Defendants to be a member of the proposed class in the aforementioned lawsuit.
2. I cast paid votes in the Favorite Chef competition between February and April 2021. I paid approximately $70 for the votes.
3. I cast my votes for Rudy Aguas, my friend's son.
4. My sole purpose in paying to cast votes for the person identified in paragraph 3 was to improve his chances of winning the $50,000 cash prize and to gain publicity by being published in Bon Appétit magazine.
5. The personal benefit I got from paying money to cast votes was in the satisfaction I felt in improving the chance that this person would win the contest.
6. At the time I paid this money, I was not aware that the Favorite Chef contest violated any federal or state gambling laws. There was nothing in the material I saw published by the operators of the Favorite Chef contest that warned me the contest violated gambling laws or might be illegal.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on May 12, 2022 at Delhi, California.

By Valentina Abdalmajeed